## CIRCUIT COURT OF ARLINGTON COUNTY

Sandra English

    v.

Otis Elevator Co. and
Charles E. Smith Mgt., Inc.

June 6, 1989

Case No. (Law) 88-128

By JUDGE THOMAS R. MONROE

The Court has under advisement motions to dismiss by defendants Otis Elevator and Charles E. Smith Management, Inc. The Court has given careful consideration to the oral arguments and written memoranda and sustains defendants' Pleas in Bar and Motion to Dismiss.

Plaintiff alleges personal injuries on June 4, 1984, while stepping into an elevator. Suit was filed on June 4, 1986. On July 23, 1987, Plaintiff requested and was granted a voluntary nonsuit. From June 4, 1986, until July 23, 1987, the intervening period of thirteen months, no service of process had been effected on both Defendants and none had been requested by Plaintiff. On January 21, 1988, Plaintiff reinstituted suit against both Defendants, who filed responsive pleadings including a Motion to Dismiss.

Rule 3:3 of the Rules of the Supreme Court of Virginia states:

> no judgment shall be entered against a defendant who is served with process more than one year after the commencement of the action against

him unless the Court finds as a fact that the plaintiff exercised due diligence to have timely service upon him.

I find that during the pendency of the suit Plaintiff failed to use "due diligence" in perfecting service upon the Defendants within one year after the commencement of the action.

Plaintiff's refiling on January 21, 1988, in an attempt to invoke the six months tolling of the statute of limitations' provisions of Section 8.01-229(E)(3) is unavailing where a failure to comply with the service requirements of Rule 3:3 has already occurred. The action has abated and is time barred.