PATRICIA A. DODSON, ADMINISTRATRIX OF THE ESTATE
OF ELMER W. DODSON, JR., DECEASED

V.

POTOMAC MACK SALES & SERVICE, INC., ET AL.

Record No. 900299

PATRICIA WOOD, ADMINISTRATRIX OF THE ESTATE
OF WILLIAM WOOD

V.

DONALD L. MACNAY, M.D., ET AL.

Record No. 900721

January 11, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ.,
and Cochran, Retired Justice

*John A. Blazer (Crews & Hancock*, on brief), for appellant. (Record No. 900299)

*John H. Johnston (Slenker, Brandt, Jennings & Johnston*, on brief), for appellee R/S Truck Body Company. (Record No. 900299)

*Robert Guntharp (Deborah A. Farson; John E. Fricker; Lewis, Wilson, Lewis and Jones,* on brief), for appellee Potomac Mack Sales & Service, Inc. (Record No. 900299)

No brief or argument for appellee Mack Trucks, Inc. (Record No. 900299)

*Warner F. Young, III (Hall, Markle, Sickels & Fudala,* on brief), for appellant. (Record No. 900721)

*Fred C. Alexander, Jr. (McGuire, Woods, Battle & Boothe,* on brief), for appellee Beverly J. Donner. (Record No. 900721)

*Gary A. Godard (Vicki Layman-Jasper; Godard, West & Adelman,* on brief), for appellees Donald L. MacNay and Donald L. MacNay, M.D., Associates, Ltd. (Record No. 900721)

*Cynthia Vancil Santoni (Pledger & Santoni,* on brief), for appellee Prince William Hospital Corporation. (Record No. 900721)

JUSTICE WHITING delivered the opinion of the Court.

In these wrongful death actions, we decide whether the plaintiffs, who nonsuited their original actions, had the additional six-month period provided by Code § 8.01-229(E)(3) in which to file subsequent wrongful death actions. In both these subsequent actions, all parties agree that if this code section does not apply, the plaintiffs' claims must fail.

## DODSON ACTION - RECORD NO. 900299

On May 18, 1984, Elmer W. Dodson, Jr. was killed when his employer's dump truck backed over him at a job site. On May 19, 1986, a Monday, after qualifying as administratrix of his estate, Dodson's widow, Patricia A. Dodson (Dodson), filed a wrongful death action against Mack Trucks, Inc. (Mack), the manufacturer of the truck chassis; R/S Truck Body Company, Inc. (R/S), the installer of the dump box and lift mechanism; Potomac Mack Sales and Service, Inc. (Potomac), the truck's vendor; and two of the decedent's fellow employees. Dodson nonsuited that case on October 24, 1987.

On April 15, 1988, Dodson filed this second action against Mack, R/S, and Potomac. In this action, she repeated the same allegations of products liability contained in the first action. On December 8, 1989, the trial court sustained the defendants' pleas of the statute of limitations. Dodson appeals.

## WOOD ACTION - RECORD NO. 900721

On March 6, 1984, Dr. Donald L. MacNay, acting for Donald L. MacNay, M.D. & Associates, Ltd., operated on William Wood at the Prince William Hospital. Dr. Gabriel Gluck, acting for the Piedmont Orthopedic Clinic, and Beverly Donner, CRNA, acting for G. Doe Corp., participated in Wood's operation and post-operative treatment. Wood's condition deteriorated after the operation, and he died three days later.

On June 23, 1986, after qualifying as administratrix of Wood's estate and after proceeding under the medical malpractice statute, his widow, Patricia Wood (Wood), filed a wrongful death action against the six health care providers, claiming damages for the decedent's wrongful death, as well as damages for any nonfatal injuries that the decedent suffered. Wood nonsuited this action on May 31, 1988.

On November 28, 1988, Wood filed this second action against the same health care providers. She re-alleged the same allegations of liability as in the first action. On March 27, 1990, the trial court sustained the defendants' pleas of the statute of limitations. Wood appeals.

## DISCUSSION

■ Actions for wrongful death did not exist at common law, *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, 689, 24 S.E. 269, 270 (1896), and the cause of action as well as the right to enforce it were created by statute. *Horn* v. *Abernathy*, 231 Va. 228, 237, 343 S.E.2d 318, 323 (1986). Thus, the statutes in existence when these causes of action arose control the outcome of this appeal. *Barksdale* v. *H.O. Engen, Inc.*, 218 Va. 496, 499, 237 S.E.2d 794, 797 (1977).

■ In 1984, Code § 8.01-229(E)(3) provided in relevant part that

[i]f a plaintiff suffers a voluntary nonsuit . . ., the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever period is longer.

■ The administratrices contend that § 8.01-229(E)(3) applies to all actions and, therefore, that their actions were timely filed. On the other hand, the defendants argue that the wrongful death statute, Code § 8.01-244(B), controls in this case. In 1984, § 8.01-244(B) provided that

> *[e]very* [wrongful death] action . . . shall be brought . . . within two years after the death of the injured person. If *any such* action is brought within such period of two years after such person's death and for any cause abates or is *dismissed* without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period of such two years as if such former action had not been instituted.

(Emphasis added.)

Code § 8.01-244(B) prescribes a limitation period and a discrete tolling provision applicable to nonsuits of wrongful death actions. *Norwood* v. *Buffey*, 196 Va. 1051, 1055-56, 86 S.E.2d 809, 811-12 (1955) (nonsuit is "dismissal" of wrongful death action within context of tolling provision of Code § 8-634 (1950), statutory ancestor of Code § 8.01-244(B)).* The administratrices argue, however, that the enactment of Code § 8.01-229(E)(3) in 1977 modified *Buffey* by providing an additional six-month tolling period applicable generally to all actions, including those for wrongful death.

In *Manuel* v. *Norfolk and Western Ry.*, 99 Va. 188, 189, 37 S.E. 957, 957 (1901), we considered a similar argument in a wrongful death action that was brought after an earlier action had been nonsuited. In that case, the administrator sought to take advantage of the tolling provisions of Code § 2919 (1887). That statute established a post-Civil War "stay period" applicable gen-

---

* We find no merit in the administratrices' argument that Code § 8.01-229(E) *impliedly* modified *Buffey*. If the legislature had intended to treat a nonsuit as something other than one form of a dismissal of an action, as the administratrices contend, it would not have been necessary to except nonsuits from the provisions of Code § 8.01-229(E)(1), which deals with the computation of another tolling period where an "action abates or is dismissed without determining the merits." Furthermore, as we point out later, Code § 8.01-235 demonstrates an apparent legislative recognition of the necessity of dealing *specifically* with modifications of limitation periods in statutorily created causes of action.

erally to all actions. We held, however, that Code § 2919 was inapplicable to the second wrongful death action.

Although *Manuel* gave no reasons for its holding, we subsequently said that "the fact that the limitation involved in *Manuel's Case* was fixed by a statute creating both the right and the remedy and was not found in the general statutes of limitation furnishes entirely satisfactory ground for the decision." *Barley* v. *Duncan*, 177 Va. 192, 198, 13 S.E.2d 294, 296 (1941) (quoting *Steffey* v. *King*, 126 Va. 120, 127, 101 S.E. 62, 64 (1919)).

■ We assume legislative familiarity with Virginia case law when the legislature enacts a statute which might impact upon that law. *Wicks* v. *City of Charlottesville*, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974), *appeal dismissed*, 421 U.S. 901 (1975). Such familiarity with the dichotomy between the application of limitation periods to statutorily created causes of action and to common law causes of action is illustrated in Code § 8.01-235, a procedural statute governing the manner of pleading statutes of limitation in both kinds of causes of action. *See Harper* v. *City of Richmond*, 220 Va. 727, 738-39, 261 S.E.2d 560, 567 (1980). Code § 8.01-235 provides that "[t]his section shall apply to all limitation periods, *without regard to whether or not the statute prescribing such limitation period shall create a new right.*" (Emphasis added.) Thus, if the General Assembly intended to modify the case law exemplified by *Manuel*, *Barley*, and *Steffey*, and to reconcile the conflict between the application of limitation periods to these disparate causes of action by making Code § 8.01-229(E)(3) applicable to wrongful death actions, it specifically would have said so in that statute, as it did in Code § 8.01-235.

Furthermore, because Code § 8.01-229(E)(3) deals generally with the subject of tolling statutes of limitations and conflicts with Code § 8.01-244(B), which deals specifically with the tolling of wrongful death actions, the latter section controls for two reasons. First, Code § 8.01-228 provides in pertinent part that "[e]very action for which a limitation period is prescribed by law must be commenced within the period prescribed in this chapter *unless otherwise specifically provided in this Code.*" (Emphasis added.) As we have said, Code § 8.01-244(B) provides for the limitation of wrongful death actions and a tolling period in a specific way, and thus "otherwise specifically provides" its own requirements.

■ Second, in construing conflicting statutes, "when one statute speaks to a subject in a general way and another deals with a part

of the same subject in a more specific manner, . . . where they conflict, the latter prevails." *Virginia Nat'l Bank* v. *Harris*, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979).

We conclude that Code § 8.01-229(E)(3) is inapplicable to wrongful death actions because Code § 8.01-244(B) controls. Therefore, the administratrices no longer had any rights of action because their causes of action had expired before they filed their second wrongful death actions. Accordingly, the judgments of the trial courts will be affirmed.

Record No. 900299 - *Affirmed.*
Record No. 900721 - *Affirmed.*