28

## CIRCUIT COURT OF FAIRFAX COUNTY

Shelton, Adm'x

    v.

Kunec et al.

September 3, 1991

Case No. (Law) 106213

BY JUDGE QUINLAN H. HANCOCK

This matter was before the Court on Friday, August 30, 1991, upon the defendants' Motion to Dismiss and Plea in Bar. The Court has considered the arguments of counsel, the briefs submitted in support thereof, and the cases cited by both sides. For the reasons that follow, the Motion to Dismiss is denied and Plea in Bar is overruled as to both defendants.

On September 15, 1986, Benjamin Shelton underwent surgery on his thumb at Fairfax Hospital. On June 13, 1987, Benjamin Shelton died, allegedly as a result of negligent medical care provided by a nurse on duty following this surgery, defendant Kunec. On September 14, 1988, a Notice of Claim letter was sent to defendant Kunec regarding the medical malpractice claim, pursuant to the Medical Malpractice Act.[1] There is no allegation that Kunec has ever requested review by a medical malpractice review panel. On September 22, 1988, a Notice of Claim letter was sent to the Fairfax

---

[1] Another Notice of Claim Letter was sent to defendant Kunec on June 12, 1989, which states that it is being sent since the earlier letter spelled Kunec's name incorrectly as Kunic.

Hospital System.[2] A panel review was held at the request of Fairfax Hospital System. On July 27, 1989, the panel gave its decision. There is no allegation in this Motion for Judgment that a Notice of Claim letter was ever sent to defendant Anesthesia Services of Fairfax, P.C. (ASF).[3]

On June 12, 1989, before the panel had given its decision and one day before the two-year statute of limitations for wrongful death actions would have expired, Mrs. Shelton, administratrix of Benjamin Shelton's estate, filed a wrongful death action against Kunec, Fairfax Hospital Systems, Fairfax Anesthesiology Associates, and Anesthesia Services of Fairfax (hereinafter ASF). That case number is L91319. Kunec is the only defendant that was served in that case.

On October 10, 1989, Mrs. Shelton filed another action against the same four defendants in Law No. 93495. In that case, ASF was served with process.[4] On June 10, 1991, Mrs. Shelton nonsuited both of her earlier actions, L91319 and L93495, and filed this action against Kunec and ASF only.

Kunec and ASF have filed a Motion to Dismiss and Plea in Bar claiming that this action is barred by the Statute of Limitations. ASF claims this matter is barred as to them for either of two reasons:

(1) It was filed on June 10, 1991, almost four years after the death when wrongful death actions must be filed within two years from the date of death.

(a) The filing of the first did not toll the statute as to ASF because it was not served within a year.

(b) The filing of the second action did not toll the statute of limitations against ASF since it was filed after the two year time limit and ASF was not a "health care provider" as it was defined when those actions were filed such that the giving notice of a claim

---

[2] Fairfax Hospital System is not a party to this action but was a party to two earlier nonsuited actions. Fairfax is only mentioned because they are the ones who sought the review by the medical malpractice review panel which did take place.

[3] Although an allegation that a Notice of Claim was sent to this defendant was made in the two predecessor suits, it is not made here.

[4] Fairfax Hospital System and Anesthesia Services of Fairfax were also served. Since these parties are not parties to the present suit, discussion of their role in previous suits is limited.

under the Medical Malpractice Act extended its time to file against ASF; *OR*

(2) If the Court finds that ASF was a "health care provider," such that the Medical Malpractice Act applies to this action, it puts forth the argument that the matter is barred because ASF never received a Notice of Claim Letter required by the Medical Malpractice Act.

Kunec claims that the matter is barred as to her because she received no notice of the medical malpractice review panel hearing which was held at Fairfax Hospital System's request.

## Issues and Short Answers

**(1)** *Is the Motion for Judgment barred as to defendant ASF?*

    **(a)** *Did failure to serve defendant ASF within one year of filing the first wrongful death action cause the statute of limitations to begin running again prior to the action being dismissed by nonsuit or other means?*

No. § 8.01–244(B) tolls the statute of limitations during the pendency of a wrongful death action. § 8.01–380 allows a party to take one voluntary nonsuit before a motion to strike is sustained, before a jury retires for deliberation or before the action has been submitted to the Court for decision. Once a nonsuit is taken in a wrongful death action or the matter is otherwise dismissed without determination of the merits, § 8.01–244(B) causes the statute of limitations to begin running again, as if the action were never filed and a new action may be brought within the remaining period. If an action is brought within the remaining period, the new claim is insulated against a plea of the statute of limitations. *Clark v. Butler Aviation*, 238 Va. 506 (1989).

    **(b)** *Was ASF a "health care provider" such that they were entitled to notice of the claim against them under the Medical Malpractice Act?*

No. ASF has gone to great lengths to explain why it was not within the definition of "health care provider" as it was set out when this cause of action arose, in an effort to explain why the statute of limitations was not tolled as to them. Their analysis is logical and comports with the existing case law. The plaintiff has not refuted this contention in any way in this action. Further, the plaintiff has made absolutely no contention in this Motion for Judgment that ASF was a

"health care provider" subject to the Medical Malpractice Act. According to ASF's own argument, the defense that a claim against them is barred for lack of notice under the Medical Malpractice Act should fail, as they were not entitled to the protection of the Medical Malpractice Act when the cause of action arose.

(2)  *Is this action barred as to defendant Kunec because she did not receive notice of the medical malpractice review panel hearing?*

No. The Motion for Judgment alleges that defendant Kunec twice received a Notice of Claim Letter and on neither occasion requested a panel hearing. § 8.01–581.2, which states that a panel hearing may be had after notice to "the parties," does not define who "the parties" are, or from whom notice is to be given. However, the Medical Malpractice Rules of Practice state that it is the chairman of the malpractice review panel who is responsible for notice to the "parties." It is nonsensical that a party who was twice given the opportunity to request a panel hearing and twice declined to do so should gain advantage in a subsequent lawsuit because of any failure of notice of such a hearing, which failure was caused by the chairman of an impartial panel and not any wrongful act on the part of the plaintiff.

## Discussion

(1)  *Is the Motion for Judgment barred as to defendant ASF?*

(a)  *Did failure to serve defendant ASF within one year of filing the first wrongful death action cause the statute of limitations to begin running again prior to the action being dismissed by nonsuit or other means?*

Mr. Shelton died on June 13, 1987. According to Section 8.01–244, any wrongful death action filed on his behalf needed to be filed by his personal representative within two years of his death, which would be on or prior to June 13, 1989. On June 12, 1989, Mrs. Shelton, the decedent's personal representative, filed suit against four defendants, including ASF, for his wrongful death (L91319). ASF has cited Rule 3:3 and a Circuit Court opinion, *English v. Otis Elevator Co.*, 16 Va. Cir. 172 (1989), for the proposition that since plaintiff failed to effect service upon the defendant ASF within one year of the filing that action, that the statute of limitations was not tolled by its filing. I disagree.

Section 8.01–380 of the Code of Virginia provides that no party shall be allowed to suffer a nonsuit unless he does so before a motion to strike the evidence has been sustained, before a jury retires from the bar, or before the action has been submitted to the court for decision. Section 8.01–380(A) Va. Code Ann. (1950). There is no requirement that a nonsuit be taken prior to the expiration of one year after filing when there has been no service made on the defendant.

Section 8.01–244 of the Code of Virginia sets forth the statute of limitations for filing a wrongful death action. When this cause of action accrued, that provision stated as follows:[5]

> Every action under § 8.01–50 shall be brought by the personal representative of the decedent within two years after the death of the injured person. If any such action is brought within such period of two years after such person's death and for any cause abates or is dismissed without determining the merits of such action, *the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period of such two years as if such former action had not been instituted.*

Section 8.01–244(B) Va. Code Ann. (1950) (emphasis added). Rule 3:3 of the Rules of the Supreme Court of Virginia states that, "No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."

The proper resolution of the rule-statute dichotomy is explained in the case of *Clark v. Butler Aviation*, 238 Va. 506 (1989). In that personal injury case, suit was filed two days before the statute of limitations had run. The defendant was not served until more than a year after the filing. The defendant moved to quash service. Prior to action on that motion the plaintiff moved for and was granted a vol-

---

[5] This was the code language when the cause of action accrued. The provision was recently amended to allow the provisions of Section 8.01-229(E)(3) to apply to wrongful death actions, which entitles a party to at least six months to refile a new action. It is clear under Dodson v. Potomac Mack Sales & Service, 241 Va. 89 (1991), that that interpretation was not in effect at the time this cause of action accrued.

untary nonsuit. Plaintiff refiled more than a month later and obtained service on the defendant, who filed a plea in bar stating that the claim was barred by Rule 3:3 and the two-year statute of limitations. Plaintiff claimed that § 8.01–229(E)(3) allowed him six months after taking a nonsuit to refile.

The court held that the proper resolution of the rule-statute dichotomy in that case was: Code Section 8.01–229(E)(3) tolled the statute of limitations upon the plaintiff's commencement of the original action. Rule 3:3 forbade entry of judgment against the defendant because he was not served within a year after filing. Code Section 8.01–380 allowed plaintiff to suffer a voluntary nonsuit. And Code § 8.01–229(E)(3) intervened to give the plaintiff six months to refile after the nonsuit. Accordingly, the Plea of the statute of limitations was overruled.

The same rationale is applicable in the case at bar.[6] Code § 8.01–244(B) tolled the statute of limitations upon the plaintiff's commencement of its action on June 12, 1989. Because ASF was not served with process within one year of filing, Rule 3:3 forbade entry of any judgment against it in that action. The action ended with the entry of an order of nonsuit on June 10, 1991. However, Code Section 8.01–244(B) intervened to give plaintiff the remaining portion of the two year period to recommence the suit (in this case it was one more day). Plaintiff recommenced the action by filing the present suit within the allowed period (on the same day). According to the rationale in *Clark* and the relative Code provisions, the plaintiff has thus insulated this claim from the plea of the statute of limitations.

Having arrived at the conclusion stated above, it is important to note that the filing of the second action in October of 1989, which was untimely as to ASF, confuses the issues but does not affect the outcome. The case of *Moore v. Gillis*, 239 Va. 239 (1990), is the only case cited by counsel where two actions were pending in the same

---

[6] The Clark case is controlling even though it involves the rule-statute dichotomy created by Rule 3:3 and Section 8.01-229(E)(3) which Code provision has expressly been held not to apply to wrongful death actions. See Dodson, 241 Va. 89. This is because the Code provision applicable to wrongful deaths, Section 229(E)(3), achieves the same result.

court at the same time for the same cause of action, and against the same defendant.[7]

Although the exact issue addressed in that case is not relevant here, the case is important because the court recognized both actions as being valid, even though they were filed at the same time in the same court for the same matter. Further, the Court found that the filing of a second action *prior* to the nonsuit of the first did not affect the ability of the plaintiff to refile a third time under Section 8.01–380 after nonsuiting the first action.

(b) *Was ASF a "health care provider" such that they were entitled to notice of the claim against them under the Medical Malpractice Act?*

Almost as an aside, ASF has made the argument that this action is barred against them if the Court holds that it was a "health care provider" under the language of the statute at the time the cause of action accrued, since it received no notice of claim as required by the Medical Malpractice Act. ASF seems to be making this argument in response to *allegations in the previous two cases* (which allegations have *not* been made in the present suit) that ASF did receive this notice under the Act and/or that the Medical Malpractice Act applied to ASF to toll the statute of limitations against them, making the filing of the second suit timely.

In its memorandum, ASF went to great lengths to explain why it was not within the definition of "health care provider" when this cause of action arose, in an effort to explain why the statute of lim-

---

[7] In Moore, the plaintiff was injurred on April 18, 1985. On March 11, 1987, he filed a Motion for Judgment for his injuries in the City of Richmond, to which the defendant moved for a transfer of venue to Brunswick County. Although the plaintiff agreed to the transfer of venue, he filed another Motion for Judgment for the same claim in the City of Richmond on April 16, 1987, before the statute of limitations had run on the claim and before the Order transferring the case was signed.

On April 18, 1988, the plaintiff nonsuited the first action, which was then pending in Brunswick County. The Circuit Court of the City of Richmond refused to hear the second proceeding saying that it lacked jurisdiction of the "new" proceeding since it had been transferred to Brunswick County. The plaintiff appealed. The Court held that the second action, filed before a nonsuit was taken in the first, did not constitute the "new" proceeding allowed to be filed by virtue of Section 8.01-380, the nonsuit statute.

itations was not tolled as to them. *See* Memorandum in Support of Co-Defendants' Motion to Dismiss and Plea in Bar, pages 4 and 5.

Only in the unlikely situation that the Court were to hold that the Act did apply to them, and therefore tolled the statute of limitations making the second filing in October of 1989 timely as to ASF, does ASF make the contention that the Medical Malpractice Act was not followed as to them. Because the statute of limitations was tolled by the first filing in June of 1989, I do not feel it is necessary to consider whether the second action was timely as to ASF.

ASF's own argument that the Medical Malpractice Act does not apply to them is logical and comports with the cases they have cited. The plaintiff has made absolutely no contention in this Motion for Judgment that ASF was a "health care provider" subject to the Medical Malpractice Act. Additionally, in this action the plaintiff has not refuted ASF's contention that the Act did not apply to them.

Since the parties do not appear in this action to dispute that the Act does not apply to ASF, and according to ASF's own argument, the defense that a claim against them is barred for lack of notice under the Medical Malpractice Act should fail, as they were not entitled to the protection of the Medical Malpractice Act when the cause of action arose.

(2) *Is this action barred as to defendant Kunec because she did not receive notice of the medical malpractice review panel hearing?*

Defendant Kunec argues that no malpractice action may be brought against her because she was not given notice of the medical malpractice review panel hearing held, which was required by § 8.01–581.5 of the Act. That provision reads as follows:

> The claimant or health care provider may request the medical review panel to hold a hearing on any claim referred to the medical review panel, in which case the medical review panel shall conduct a hearing thereon in accordance with Section 8.01–581.6 *after notice to the parties by means adequate to ensure their presence at the time and place of the hearing.*

Section 8.01–581.5 Va. Code Ann. (1950) (emphasis added).

Although § 8.01–581.5 does not explain whose duty it is to notify the "parties" of a panel hearing, Rule Four (h) and Rule Five of the Medical Malpractice Rules of Practice state that it is the chairman of

the panel (the circuit court judge) who is responsible for this notice. Rule Four (h) states as follows:

> The circuit judge shall be chairman of the panel and . . . the *chairman shall notify all parties of the date, time and place for a hearing* by the review panel, if any, or the date on which the panel will convene . . . (emphasis added).

Similarly Rule Five requires the chairman of the panel to give notice of any ore tenus hearings:

> If an ore tenus hearing is held, the *chairman shall notify all parties* and panel member of the date, time and place for such a hearing . . . (emphasis added).

It is clear that a single panel is all that may be convened for any one claim for malpractice, even against multiple health care providers. § 8.01–581.2(D), Va. Code Ann. (1950). It is equally clear that all health care providers against whom a claim is asserted are subject to the jurisdiction of that single panel. *Id.*[8] However, two important matters are unclear from the Act and the Rules. They are:

(1) Which "parties" are entitled to notice of the panel hearings, all health care providers against whom the notice of claim is given, or just those who timely responded that they were interested in panel review? and

(2) If all health care providers against whom a notice of claim is sent are entitled to notice of the hearing, what are the consequences in a subsequent lawsuit where the panel chairman fails to give notice of a panel hearing to an interested party?

The plaintiff makes the argument that only those health care providers that request to be part of a panel review are entitled to notice of the panel hearing. Although the statute and rules do not give much guidance in this matter, considering the facts of this case, the plaintiff's argument is the most reasonable.

---

[8] Code Section 8.01-581.2(D) reads as follows: "Any health care provider so named shall have the right to request a panel and, in that event, shall mail copies of its request to the other health care providers named in the notice of claim as well as to the claimant and his counsel of record. When a request for a medical review panel is made by any party, a single panel shall be designated and all health care providers against whom a claim is asserted shall be subject to the jurisdiction of such panel . . . ." Section 8.01-581.2(D) Va. Code Ann. (1950).

Theoretically, each health care provider is given notice of the claim against them and is entitled to request a review by a panel. In the case of multiple health care providers, any health care provider who requests a review panel must give notice of this request to the other health care providers identified in the notice of claim.[9] Section 8.01–581.2(D), Va. Code Ann. (1950). There is no Act, provision or Rule that has been cited by counsel or found by myself that states that any timely request for a review panel is ever denied. Accordingly, even a health care provider who does not request a panel hearing would have at least some notice that such a panel would be formed and/or a hearing would be held, and could inquire as to its time and place.

In light of the absence of a statutory provision requiring the plaintiff to be responsible for notice of a panel hearing, in light of the rule stating that, in fact, the plaintiff is *not* the one responsible for this notice, and finally, in light of the fact that Kunec should have received some notice that there would be a panel hearing from Fairfax Hospital when it requested review, Kunec's Motion to Dismiss and Plea in Bar based on this lack of notice should be denied.[10]

---

[9] Section 8.01-581.2(D) provides, in pertinent part: "Any health care provider so named shall have the right to request a panel and, in that event, shall mail copies of its request to the other health care providers named in the notice of claim . . . ."

[10] In the case at bar, we do not know whether Fairfax Hospital System gave Kunec notice of its request for review as it was required to do under the Code. However, it seems inappropriate to allow the failure of either the original defendant Fairfax Hospital or the chairman of the panel to prejudice the plaintiff's claim.