## CIRCUIT COURT OF FAIRFAX COUNTY

United Sprinkler Co., Inc.

v.

HCP 505 Limited, Inc., et al.

February 19, 1992

Case No. (Chancery) 122433

BY JUDGE WILLIAM G. PLUMMER

Defendants HCP 500–540 Limited, Inc. ("HCP 500–540") and HCP 505 Limited, Inc. ("HCP 505") have demurred to United Sprinkler Company's ("United Sprinkler") Bill of Complaint. The sole issue before the Court is whether United Sprinkler's suit to enforce a mechanic's lien was time-barred under Virginia Code § 43–17. The demurrer raises the question of what effect Section 108(c) of the United States Bankruptcy Code, 11 U.S.C. § 108(c), may have on the commencement of an enforcement suit that is automatically stayed as a result of a bankruptcy proceeding. For the reasons below, the Court finds that United Sprinkler timely filed the Bill of Complaint and the Court overrules the Defendants' demurrer.

### Factual Allegations

United Sprinkler alleges the following facts in the Bill of Complaint. In August, 1990, United Sprinkler contracted with David E. Harvey Builders, Inc., to revise a sprinkler system at tenant space at Huntmar Corporate Park, a commercial development then owned by Umbrella One. United Sprinkler completed its work on the project by September 13, 1990. Thereafter, United Sprinkler was unable to collect $9,000.00 due under the contract. Consequently, on November 20, 1990, United Sprinkler filed a memorandum of mechanic's lien pursuant to Title 43 of the Virginia Code. United Sprinkler alleges timely recordation of the lien. Further, United Sprinkler alleges timely filing of the Bill of Complaint on August 7, 1991.

Meanwhile, in August, 1990, an involuntary bankruptcy petition had been filed against Umbrella One in the United States Bankruptcy Court for the Eastern District of Virginia. On December 10, 1990, the Bankruptcy Court converted the involuntary bankruptcy proceeding against Umbrella One to a Chapter 11 voluntary proceeding and entered an order for relief therein.

On February 20, 1991, the Bankruptcy Court entered an order granting Defendant The Chase Manhattan Bank, N.A. ("Chase Manhattan"), a construction lender, relief from the automatic stay to enable Chase Manhattan to institute foreclosure proceedings against Umbrella One. The Court specified February 8, 1991, as the effective date of its order. Umbrella One otherwise remained in bankruptcy.

Thereafter, on March 26, 1991, Chase Manhattan conducted a foreclosure sale of the subject Huntmar Corporate Park property. Chase Manhattan successfully bid on the property and assigned its bids to HCP 500–540 and to HCP 505.

*Demurrer*

Defendants HCP 500–540 and HCP 505 demur to the Bill of Complaint on the grounds that United Sprinkler filed suit beyond the six-month time period defined in Virginia Code § 43–17. Contending that the bankruptcy proceeding against Umbrella One did not affect United Sprinkler's obligations under Code § 43–17, they insist that United Sprinkler's right to a mechanic's lien expired prior to August 7, 1991.

United Sprinkler responds by asserting that Bankruptcy Code § 108(c), in conjunction with Virginia Code § 8.01–229(C) and (D), tolled the six-month time period in which to file an enforcement suit under Virginia Code § 43–17. United Sprinkler concludes that six months did not run between recordation of its lien and when it filed the Bill of Complaint.

Virginia Code § 43–17 provides, in pertinent part, that "[n]o suit to enforce [a mechanic's lien] shall be brought after six months from the time when the memorandum of lien was recorded." Where a bankruptcy proceeding stays a lienor from filing such suit, however, United States Bankruptcy Code § 108(c) grants an extension of time within which the lienor may proceed. Section 108(c) provides, in pertinent part:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing . . . a civil action in a court other than a bank-

ruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of:

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362 . . . with respect to such claim.

11 U.S.C. § 108(c).

While Bankruptcy Code § 108(c) does not alone suspend the running of the six-month statute of limitations under Virginia Code § 43–17, subsection (C)(1) envisions an independent state statute that may toll the limitations period. The general tolling statute of the Virginia Code provides, in relevant part:

§ 8.01–229. *Suspension or tolling of statute of limitations; . . . prevention of service by defendant.*

D. Obstruction of filing by defendant. — When the filing of an action is obstructed by a defendant's (i) filing a petition in bankruptcy or filing a petition for an extension or arrangement under the United States Bankruptcy Act or (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought . . . .

Va. Code Ann. § 8.01–229 (1984 & Supp. 1991).

The Court is convinced that Bankruptcy Code § 108(c) and Virginia Code § 8.01–229(D) together tolled the six-month time period during which United Sprinkler was required to filed its enforcement suit under Virginia Code § 43–17. The automatic stay during Umbrella One's bankruptcy proceeding prevented United Sprinkler from enforcing its mechanic's lien. Under Virginia Code § 8.01–229(D), therefore, the automatic stay suspended the statute of limitations. This suspension falls within Bankruptcy Code § 108(c)(1) and thereby added the duration of the automatic stay to the six-month limitations period under Virginia Code § 43–17.

In the case at bar, such tolling lasted until the automatic stay in bankruptcy no longer obstructed United Sprinkler's ability to file suit to enforce its mechanic's lien. The Defendants contend that the

Bankruptcy Court's Order of February 20, 1991, granting Chase Manhattan relief from the automatic stay, authorized United Sprinkler to seek to enforce the lien. I disagree, however, and find that the Bankruptcy Court simply granted Chase Manhattan relief from the stay to enable it to pursue foreclosure proceedings on the subject property. The Bankruptcy Court did not grant other creditors leave to pursue claims against Umbrella One or its property.

The Court finds that the obstruction to United Sprinkler's suit to enforce ceased when Chase Manhattan foreclosed on the subject property. Bankruptcy Code § 362(c)(1) provides that the stay of an act against property of a debtor's estate continues until such property is no longer property of the estate. In the case at bar, the subject property passed from the debtor's estate when it transferred to HCP 500–540 and HCP 505 through the foreclosure sale. Thus, the stay in bankruptcy as to acts against the subject Huntmar Corporate Park property terminated upon the successful foreclosure sale on March 26, 1991.

Upon the termination of the stay, Bankruptcy Code § 108(c)(1) defined the time remaining in which United Sprinkler could file its suit to enforce the mechanic's lien. United Sprinkler had six months under Virginia Code § 43–17 plus that time during which the limitations period was suspended due to the automatic stay in bankruptcy. Accordingly, the Court finds that the six-month limitations period had not yet run when United Sprinkler filed the Bill of Complaint on August 7, 1991, approximately four and one-half months after the termination of the automatic stay.

The Court finds that United Sprinkler timely filed suit to enforce its mechanic's lien against the subject property and overrules the Defendants' demurrer.