## CIRCUIT COURT OF FAIRFAX COUNTY

Linda Easley et al.

   v.

J. Brasfield et al.

### Case No. (Law) 115644

BY JUDGE MICHAEL P. MCWEENY

November 6, 1992

This matter is before the Court on defendants' (hereinafter referred to collectively as "Brasfield") Motion to Dismiss which the Court has determined should be treated as a motion for summary judgment. Upon careful consideration of the arguments and memoranda submitted by both counsel, summary judgment is granted in favor of Brasfield.

This is a legal malpractice action in which plaintiff alleges that Brasfield negligently and fraudulently handled a wrongful death action. The facts of the underlying wrongful death action are crucial to this action for malpractice. On January 2, 1987, the deceased died as a result of injuries. A wrongful death action was filed by Brasfield in the name of the personal representative on December 29, 1988, four days before the limitations period expired. The personal representative was not officially appointed, however, until April 14, 1989. The case was nonsuited by Brasfield on June 21, 1990, and a second action was filed that same day. The order of nonsuit was not entered until August 8, 1990. On February 22, 1991, Brasfield withdrew as counsel in the case. Then on April 19, 1991, Judge Bach of this Court, purportedly relying on *Dodson v. Potomac Mack Sales & Service*, 241 Va. 89 (1991), sustained a plea in bar and dismissed the case on the basis that nonsuit provisions do not apply to wrongful

death actions and so the statute of limitations had expired at the time of the second filing. At no time when the first or second actions were pending did the wrongful death defendant raise the issue of failure to timely appoint an administrator.

The plaintiff now alleges that Brasfield was negligent in the handling and nonsuiting of the first wrongful death action because he knew or should have known that under Va. Code § 8.01–244(B) and § 8.01–50(B), in effect at the time, the statute of limitations would bar refiling because of the untimely appointment of the administrator.

The facts in this matter are undisputed. Brasfield has filed a motion to dismiss on the grounds that as a matter of law the dismissal of the wrongful death action was not due to Brasfield's negligence because he properly nonsuited and refiled the claim, the failure to appoint an administrator within the two-year limitations period was waived and therefore was not fatal error, and he no longer represented the plaintiff at the time the case was dismissed. The Court agrees.

The Court finds that the refiling of the wrongful death action was proper. Under Va. Code § 8.01–244(B) and § 8.01–50(B) in effect at the time, the action could have been refiled within the remaining limitations period, or four days after the nonsuit was taken. This was done. The holding in *Dodson*, 241 Va. 89, does not change this result. In *Dodson* there was no time remaining in the limitations period when the nonsuit was taken whereas, here, there were four days remaining.

The only possible breach of a duty was that of failing to timely appoint an administrator in the first wrongful death action. Such a failure was clearly an act of negligence; however, the Court finds that the defect was waived by the wrongful death defendant and thus is not grounds to support a claim for damages to the plaintiff. In reaching this decision, the Court relies on *Wackwitz Adm'r v. Roy*, 244 Va. 60 (1992), and *McDaniel v. North Carolina Pulp Co.*, 198 Va. 612 (1956), wherein the Virginia Supreme Court has stated that appointment of an administrator is not jurisdictional so that the failure to " 'properly and seasonably' challenge the administrator's right to maintain th[e] action" constituted a waiver of the defect which could not be raised for the first time on appeal. See *Wackwitz*, 244 Va. at 64, citing *McDaniel*. Likewise, the defect cannot now be raised in a subsequent malpractice action. Because the defendant in

the underlying wrongful death action did not seasonably challenge the administrator's right to maintain the action, the issue could not have been a basis for dismissal of the action and thus the plaintiff could not have suffered damages as a result of the defect. In order to maintain a cause of action for legal malpractice, the plaintiff must have suffered actual damages as a proximate result of the attorney's breach of a duty. *Allied Productions v. Duesterdick*, 217 Va. 763 (1977).

As to the dismissal of the second wrongful death action, the Court finds that Brasfield was no longer the counsel of record at the time the dismissal was entered and therefore was not liable for any breach of a duty for failure to move for reconsideration or to appeal the ruling. Any "duty" regarding the Court's decision rested solely with the plaintiff who was appearing *pro se* at that point in the case.

For all of the reasons above, it is clear that the breach of duty to timely appoint an administrator in the underlying action was not the proximate cause of the plaintiff's damages so that as a matter of law Brasfield is entitled to summary judgment.

### December 16, 1992

On November 6, 1992, the Court issued an opinion letter in this matter, granting summary judgment to defendants. Plaintiff has filed a Motion for Reconsideration, bringing to the Court's attention an omission in the November 6th ruling, specifically, the Court's failure to address Plaintiff's claim for constructive fraud.

Plaintiff's Motion is granted for the limited purpose of correcting its omission regarding Plaintiff's claim for constructive fraud. No oral argument is required. Upon consideration of the original pleadings and memoranda submitted by Plaintiff, the Court finds that the Defendants are entitled to summary judgment on the constructive fraud issue.

There are no material facts in dispute in this matter. The parties agree as to the course of events in the underlying wrongful death action. As a matter of law, constructive fraud must be proven by clear, cogent, and convincing evidence. *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 331 S.E.2d 490 (1985). The plaintiff must prove (1) a material false representation, (2) that the plaintiff believed to be true, (3) that was meant to be relied upon, (4) that was relied upon, and (5) that resulted in injury to the plaintiff. *Id.* at 629.

Plaintiff maintains that Defendants made two misrepresentations. First, Defendants falsely represented to Plaintiff that her claim had

no merit in an attempt to cover-up their mistakes and to persuade her to accept a settlement offer. Second, Defendants falsely represented to Plaintiff that he would not nonsuit her claim.

As to the first representation, the Court finds that there was no reliance. Plaintiff did not in fact accept the settlement offer. Plaintiff's contention that "this material misstatement of law *could have been* detrimentally relied on," (Motion for Reconsideration Para. 4, emphasis added), is not a sufficient basis for a claim of fraud. *Nationwide Ins. Co.*, 229 Va. at 630.

As to the second representation, the Court finds that the representation was not material as there is no evidence that the nonsuit caused Plaintiff's damages. It is clear that the Plaintiff's damages occurred when her case was dismissed on statute of limitations grounds. This dismissal occurred ten months after Defendants non-suited and refiled the case.

Accordingly, the Court holds that its November 6, 1992, ruling encompasses Plaintiff's claim for constructive fraud.