## CIRCUIT COURT OF THE CITY OF ROANOKE

Lisa M. Smith,
Administratrix
of the Estate of
Charles M. Belcher,
deceased

v.

Adelphia Cable Communications,
d/b/a Southwest Virginia Cable, Inc.

February 2, 2004

By Judge Jonathan M. Apgar

The Plaintiff has filed a motion for judgment pursuant to § 8.01-50 of the Code of Virginia (1950), as amended, alleging that the Defendant is liable for the wrongful death of the Plaintiff's decedent. In response, the Defendant has filed a special plea in bar, contending that the suit was not filed within the applicable limitations period as set forth in § 8.01-244 of the Code of Virginia (1950), as amended. The Plaintiff counters that her suit was filed timely, as the automatic stay pursuant to 11 U.S.C. § 362 arising from the Defendant's bankruptcy filing tolled the running of the limitations period. *See* Va. Code Ann. § 8.01-229(D) (Michie 2003) (providing the general rule that when the filing of an action is obstructed by a petition in bankruptcy, the period during which the bankruptcy obstructs the action shall toll the statute). Thus, the question presented by the parties to the Court is to determine whether § 8.01-229(D) or § 8.01-244 governs the tolling limitations period for a wrongful death action. Because the Court finds that the Defendant is collaterally estopped from arguing that § 8.01-229(D) does not apply, the Court denies the Defendant's special plea in bar.

For the purpose of addressing this issue, the relevant facts are not in dispute. At the time of his death, the Plaintiff's decedent was employed as a utility pole repairman. On August 31, 2001, the decedent was servicing a utility pole owned by the Defendant. After climbing the pole, it became

unstable and snapped at a spot below the decedent. The decedent was still attached to the pole at the time it failed, with the result being that the pole crashed onto him, causing severe internal and cranial injuries. Although the decedent was promptly transported to a medical facility, he was declared dead on arrival.

Subsequently, the Plaintiff qualified as the administratrix of the decedent's estate and filed a motion for judgment alleging wrongful death on August 22, 2002. Unbeknownst to the Plaintiff, the Defendant had filed for Chapter 11 bankruptcy protection on June 25, 2002, triggering the enactment of the automatic stay pursuant to 11 U.S.C. § 362(a). Additionally, on June 27, 2002, the United States Bankruptcy Court for the Southern District of New York granted the Defendant's motion for a restraining order that enjoined the commencement of any action on a claim that accrued prior to the initiation of the bankruptcy filing. When the Defendant received the motion for judgment, it sent a letter to the Plaintiff informing her that the suit was barred by the automatic stay and restraining order. Additionally, in its letter to the Plaintiff, the Defendant stated:

> the [Defendant] will not entertain discussions regarding the negotiation, preparation, and filing of a stipulation to lift the automatic stay as to [the Plaintiff] until the pending lawsuit is discussed. Once the action is dismissed, the [Defendant] will consider lifting the stay only to allow your client to proceed against the [Defendant's] insurance carrier, with a release of any and all claims against the [Defendant's] estate.

Upon notification by the Defendant of the bankruptcy filing, the Plaintiff moved for, and was granted, a voluntary nonsuit pursuant to § 8.01-380 of the Code of Virginia (1950), as amended, on October 30, 2002. On July 16, 2003, the bankruptcy court entered a Stipulation and Agreed Order lifting the automatic stay so that the Plaintiff could proceed against the Defendant, provided that the extent of recovery would be limited to the proceeds available under the Defendant's insurance coverage. The Plaintiff received notice of this order on July 20, 2003, approximately forty days prior to the expiration of the limitations period. However, the Plaintiff did not re-file her motion for judgment until October 28, 2003, nearly two months after the limitations period, barring any tolling provision, would have run. As a result, the Defendant filed its special pleas in bar.

In support of the special plea, the Defendant argues that § 8.01-244 provides a discrete tolling mechanism for wrongful death actions, thereby

superceding any tolling mechanisms that exist within § 8.01-229. The Defendant points to *Dodson v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89, 400 S.E.2d 178 (1991), for support of its argument. In *Dodson*, the Virginia Supreme Court examined the interrelationship of prior versions of §§ 8.01-244(B) and 8.01-229(E) as they related to a nonsuited action. At that time, § 8.01-244 did not provide for any tolling of the limitations period on account of a nonsuit; such protection existed in § 8.01-229(E). The Supreme Court noted that, as a claim for wrongful death was a statutory creature, the General Assembly could have extended the protection found in § 8.01-229(E) to wrongful death actions, as it had done in other sections of Title 8.01, but it had failed to do so. To the Supreme Court, this evidenced a legislative intent not to affect the tolling provisions governing wrongful death actions. Moreover, finding that this created a situation of conflicting statutes, the Supreme Court adhered to the well-established rule that, when a general and a specific statute conflict on a subject, the specific statute must prevail. Since § 8.01-244 contained its own tolling provisions, the Supreme Court held that only those specific tolling provisions, rather than the general tolling provisions in § 8.01-229(E), applied to wrongful death actions. *Dodson*, 241 Va. at 92-94. In response to *Dodson*, the General Assembly amended both statutes, bringing § 8.01-244 into harmony with the tolling provisions of § 8.01-229(E) for nonsuited actions; however, the legislature did not amend any other provision of § 8.01-229. In this matter, the Defendant argues that the holding in *Dodson* should be extended to preclude the operation of the general tolling provisions in § 8.01-229(D) for actions blocked by bankruptcy when the underlying cause of action arises from a claim for wrongful death. The Defendant further argues that its position is supported by the General Assembly's failure to harmonize fully the relevant statutes in the post *Dodson* amendments, thereby evincing the legislative intent that only the nonsuit provisions were to be harmonized.

The Plaintiff counters by arguing that its suit was timely filed because the automatic stay tolled the running of the applicable limitations period. In particular, the Plaintiff maintains that *Dodson* should be limited to its facts in part because the statutory scheme that the Supreme Court analyzed is no longer extant. More importantly, the Plaintiff argues that the *Dodson* court considered the interplay between § 8.01-244(B) and the nonsuit provisions of § 8.01-229 as opposed to the bankruptcy tolling provisions found in subsection D. Contrary to the policy position taken by the Defendant, the Plaintiff's argument inherently assumes that the post-*Dodson* amendments manifest the intent of the General Assembly to harmonize the tolling provisions of these two statutes. Finally, the Plaintiff points the Court's

attention to certain circuit court and federal district court cases analyzing the interplay of the Commonwealth's mechanic's liens statutes and the bankruptcy provisions of § 8.01-229 in support of its position. *See In re Concrete Structures, Inc. v. Tidewater Crane and Rigging*, 261 B.R. 627 (E.D. Va. 2001); *United Sprinkler Co. v. HCP 505 Ltd., Inc.*, 27 Va. Cir. 135 (1992); *TQY Inv. v. Rodgers Co.*, 26 Va. Cir. 40 (1991).

After reading the memoranda submitted by counsel and reviewing the applicable case law, the Court would be inclined to find the Defendant's arguments convincing. However, the Court need not reach this outcome as it finds that the Defendant is collaterally estopped from advancing its position. Under the principle of collateral estoppel, the parties to the first action are precluded from litigating in a subsequent action any issue of fact or law actually litigated and essential to a valid and final judgment in the first action. *Norfolk v. W. Ry. v. Bailey Lumber Co.*, 221 Va. 638, 640, 272 S.E.2d 217 (1980); *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917 (1974) (collateral estoppel is applied with less rigor to issues of law); *Slagle v. Slagle*, 11 Va. App. 341, 344, 398 S.E.2d 346 (1990). Section 362(a)(1) of the Bankruptcy Code stays the initiation of an action against the debtor on a cause that arose prior to the filing of the bankruptcy petition. *See* 11 U.S.C. § 362(a). Section 362(d) provides for the lifting of the stay, after notice and hearing, upon a showing of cause by the party seeking to advance a claim against the debtor. *See* 11 U.S.C. § 362(d). Should a party knowingly initiate an action while the stay is in effect, that party becomes potentially liable for damages suffered by the debtor as a result of contesting the action. *See* 11 U.S.C. § 362(h).

Here, the issue is whether the limitations period for a wrongful death action is tolled by bankruptcy. There is no doubt that the Defendant availed itself of the full protection of the Bankruptcy Code to the disadvantage of the Plaintiff. Upon receipt of the initial motion for judgment, the Defendant notified the Plaintiff of the existence of the automatic stay and restraining order and demanded that the suit be dismissed. The Defendant also informed the Plaintiff that it would only consider the reinstitution of the suit after the Plaintiff fully complied with the provisions of the Bankruptcy Code. By doing so, the Defendant accepted the proposition that the automatic stay effectively barred the Plaintiff's ability to advance her wrongful death action for, at best, the period of time to comply with the requirements of § 362(d). In fact, the Plaintiff was barred from pursuing her cause of action for a period running from of June 25, 2002, until July 16, 2003, nearly thirteen months. Furthermore, the parties' recognition of the effect of the Defendant's bankruptcy was central to the bankruptcy court's Stipulation and Agreed Order allowing the Plaintiff to re-file her suit. As such, the Defendant is now

584

estopped from arguing before this Court that § 8.01-229(D) does not toll the running of the limitations period for a wrongful death action. As the Defendant received the full benefit of the automatic stay, the Court hereby denies the Defendant's special plea.