# Richmond

JOSEPH F. HUGHES & CO., INC., ET AL. v. GEORGE H. ROBINSON CORPORATION.

June 15, 1970.

Record No. 7143.

Present, All the Justices.

*David J. Hensler* (D.C.) (*Alphonse J. Audet, Jr.; John Palmer Arness* (D.C.); *Hogan & Hartson* (D.C.), on brief), for plaintiffs in error.

*Francis J. Pelland* (*Dikran V. Kavaljian, Jr.*, on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

A writ of error was awarded Joseph F. Hughes & Co., Inc. (Hughes) and Reliance Insurance Company (Reliance) to a judgment for $16,000 in favor of George H. Robinson Corporation (Rob-

inson) in an action instituted by it on a labor and materials bond furnished Hughes by Reliance.

The record shows that Hughes contracted with the School Board of the City of Alexandria, Virginia for the construction of T. C. Williams High School. Pursuant to Code, § 11-23 (bonds on public contracts) Hughes entered into a labor and materials payment bond with Reliance. Robinson furnished materials to Whittington Construction Company, a subcontractor of Hughes which apparently failed to require a payment bond of Whittington. Whittington failed to pay for part of these materials and ultimately defaulted on its contracts with both Hughes and Robinson.

Robinson brought suit on the bond and appellants asserted a plea in bar of untimeliness in their answer filed. The court initially ruled in favor of appellants on this plea but after hearing reargument reversed itself and entered judgment for Robinson.

The bond provides that no action thereon is to be commenced "After the expiration of one (1) year following the date on which Principal ceased work * * * however, * * * if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law".

Code, § 11-23, requiring the bond, provides, in part: "No action on any bond required herein shall be brought unless within one year after substantial completion of the contract * * *."

The court found that the contract "was substantially completed prior to October 27, 1966, and that the said defendant ceased work under the contract on January 24, 1967". Suit was instituted on October 27, 1967, more than a year after substantial completion, but within a year after work ceased. The court further found "as a matter of law that the words 'ceased work on said contract' embodied in the bond required by statute and not the words 'substantial completion of the contract' embodied in Section 11-23 of the 1950 Code of Virginia, as amended, are controlling * * *".

The sole question in this appeal is whether the court erred in deciding that the action on the bond was instituted timely. The issue involved is one of first impression for this court.

Appellants contend that the limitation set forth in § 11-23 is prohibitory and cannot be extended by contract; that the amendment provision of the bond was included in contemplation of just such a

statutory prohibition and operates to incorporate the statutory period into the bond.

It is Robinson's position that the terms and conditions of the bond are enforceable against Hughes and Reliance as common law obligations. In support of this position it relies principally upon *National Surety Corp.* v. *Fischer Steel Corp.*, 213 Tenn. 396, 374 S.W.2d 372 (1964).

In that case the court noted that the Tennessee statutes required a bond on public works, gave laborers and materialmen a right on the bond and prescribed that "action shall be brought * * * within six (6) months following the completion of such public work, or of the furnishing of such labor or materials". Tenn. Code Annot. § 12-422. The bond sued on contained a limitation period identical to the one in the case at bar and likewise a provision that if such a limitation were prohibited by any law then the limitation was amended to conform to the statutory minimum. The court held that the Tennessee statutory limitation did not prohibit the contractual limitation contained in the bond.

The statutory limitation in the instant case is framed in language different from that of the Tennessee statute and we think it manifests a legislative intent to impose a prohibition rather than merely establish a minimum period as argued by Robinson. Section 11-23 provides that "[n]o action on any bond required herein shall be brought unless within one year after substantial completion of the contract * * *". This language is clearly prohibitory of any other limitation.

Further, the bond entered into by Hughes and Reliance contemplated the possibility of a conflict between its limitation and one imposed by statute. The bond contains a provision amending its own limitation to conform to the statutory minimum if its own limitation is prohibited.

Robinson argues that because the bond gives materialmen a right, independent of the statute, and that is the right relied upon, the statutory prohibition goes only to the remedy and the parties are not prohibited thereby from contracting for a different period. But to adhere to that theory would be to obviate the amendment provision of the bond completely; the parties would always be free to contract for any period of limitation and the amendment provision would be meaningless.

"In the interpretation of written contracts every part of the

contract must be made, if possible, to take effect, and every word of it must be made to operate in some shape or other. *Tate* v. *Tate*, 75 Va. 522." *Richmond Ice Co.* v. *Crystal Ice Co.*, 99 Va. 239, 245, 37 S.E. 851, 853 (1901). We cannot presume that the parties to the bond intended to include therein a provision of no effect. In *Thomas Somerville Co.* v. *Broyhill*, 200 Va. 358, 360, 105 S.E.2d 824, 826 (1958), we said: "The statute [11-23] and the bond are to be read together, for together they constituted the measure of Broyhill's [contractor] undertaking and the extent of his and the surety's liability."

We therefore conclude that the limitation embodied in § 11-23 is prohibitory; that it is incorporated into the bond by the latter's amendment provision and that the statutory language controls the time for bringing an action on the bond. Accordingly, we find that it was error for the trial court to hold that the action was brought timely. The judgment appealed from is reversed and final judgment is here entered for appellants.

*Reversed and final judgment.*