## Richmond

RELIANCE INSURANCE COMPANY v. THE TRANE COMPANY.

November 29, 1971.

Record No. 7560.

Present, All the Justices.

*Kennon W. Bryan* (*Frank L. Cowles, Jr.; Swayze, Parris, Cowles and Tydings*, on brief), for plaintiff in error.

*John Ninian Beall, Jr.*, for defendant in error.

Per Curiam.

Reliance Insurance Company (Reliance) is here on a writ of error granted it to a judgment for $28,645.17 in favor of the plaintiff, The Trane Company, on a labor and materials bond given by M. L. Whitlow, Inc., (Whitlow) as principal and Reliance as surety.

The record shows that Whitlow entered into a contract with the School Board of the City of Alexandria for the construction of additions and alterations to one of its school buildings. Pursuant to the contract, and as required by Code § 11-23, as amended, 1964 Repl. Vol., Whitlow obtained a labor and materials bond from Reliance. Subsequently, Whitlow entered into a contract with Bob Vranich, Inc., (Vranich) to perform the plumbing and heating work for the project. Plaintiff, pursuant to a contract with Vranich, supplied it with materials for the job and Vranich defaulted in the payment of the account.

The bond on which plaintiff based its claim for recovery defines a claimant as "one having a direct contract with the principal *or with a subcontractor of the principal* * * *." (Emphasis added.)

Reliance concedes that plaintiff is covered under the provisions of the bond if it alone is considered. But it argues that the surety on a general contractor's labor and materials payment bond required by the statute is vulnerable to a direct right of action by a materialman only if it is shown that the general contractor did not obtain a payment bond from the subcontractor, and since there was no evidence that Whitlow failed to obtain a bond from Vranich, the plaintiff did not prove its case.

The pertinent parts of Code § 11-23 provide: (1) for a payment bond from a prime contractor conditioned upon the payment to all persons having direct contractual relationship with the prime contractor; (2) for a payment bond from a subcontractor conditioned upon the payment to all persons having direct contractual relationship with the subcontractor; and (3) in the event the prime contractor fails to obtain a bond from the subcontractor, anyone having a direct relationship with the subcontractor may sue upon the prime contractor's bond.

We find nothing in the language of the statute which prohibits a bond executed by the prime contractor and his surety from providing broader coverage than that required by the provisions of the statute. Nor is there any provision in the statute requiring proof that a subcontractor's bond was not given before a materialman can recover on the prime contractor's bond.

*Hughes & Co. v. Robinson Corp.*, 211 Va. 4, 175 S.E.2d 413 (1970), relied upon by Reliance, has no application to the present case.

The provisions of the bond afforded coverage to the plaintiff, and Reliance is bound by its tenor. Hence the judgment is

*Affirmed.*