405 S.E.2d 852 (1991)
COMMERCIAL CONSTRUCTION SPECIALTIES, INC.
v.
ACM CONSTRUCTION MANAGEMENT CORPORATION, et al.
Record No. 901456.
Supreme Court of Virginia.
June 7, 1991.
Marc E. Montalbine (J. Terry Parsley; Lisa C. Dewey; Little, Parsley & Cluverius, on brief), Richmond, for appellant.
Elaine R. Jordan (Douglas P. Rucker, Jr. Sands, Anderson, Marks & Miller, on brief), Richmond, for appellees.
Present: All the Justices.
HASSELL, Justice.
In this appeal, we consider whether a subcontractor on a public construction project, who was not a party to payment bonds, can be bound by a provision in the bonds which required written notice of a claim within a 90-day period, notwithstanding the 180-day notice period prescribed by Code § 11-60.
*853 Because this case was decided below on a demurrer, we will consider the allegations in the motion for judgment according to "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." Fox v. Custis, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988).
Commercial Construction Specialties, Inc. (Commercial) alleged the following facts in its pleadings. ACM Construction Management Corporation (ACM) executed a contract with the Chesterfield County School Board to construct three schools in Chesterfield County. The School Board required ACM to obtain payment bonds as mandated by Code § 11-58. ACM acquired the payment bonds from Seaboard Surety Company (Seaboard).
The payment bonds, which are printed on a form approved by the American Institute of Architects (AIA Document A311), state, in part:
3. No suit or action shall be commenced hereunder by any claimant:
a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: the Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made....
Commercial was not a party to the payment bonds.
ACM subsequently executed a subcontract with Double L Contractors wherein Double L Contractors agreed to perform certain portions of the work. Double L Contractors executed a contract with Commercial for the purchase of building materials for use in the construction of the schools. Commercial delivered the materials to the school sites in August and September of 1987, but did not receive payment. On December 28, 1987, Commercial sent a certified letter to Seaboard demanding payment. Seaboard refused to pay.
Commercial filed three motions for judgment seeking to recover the costs of materials it furnished for the construction of the schools. The defendants in each lawsuit are ACM, Dominion Constructors, Inc.[1], and Seaboard.
ACM and Seaboard filed demurrers in which they contended that Commercial's claims on the bonds were barred because Commercial failed to give ACM and Seaboard written notice within 90 days of the last day Commercial furnished materials to the job sites. The cases were consolidated for purposes of the demurrers and the trial court sustained the demurrers.
Commercial argues that the trial court erred when it sustained the demurrers because Commercial was not a party to the bonds and, therefore, ACM and Seaboard could not reduce the 180-day written notice requirement. We agree.
Code § 11-60, which is a part of the Virginia Public Procurement Act, states, in part:
A. Subject to the provisions of subsection B hereof, any claimant who has performed labor or furnished material in accordance with the contract documents in the prosecution of the work provided in any contract for which a payment bond has been given, and who has not been paid in full therefor before the expiration of ninety days after the day on which such claimant performed the last of such labor or furnished the last of such materials for which he claims payment, may bring an action on such payment bond to recover any amount due him for such labor or material, and may prosecute such action to final judgment and have execution on the judgment. The obligee named in the bond need not be named a party to such action.

*854 B. Any claimant who has a direct contractual relationship with any subcontractor from whom the contractor has not required a subcontractor payment bond under § 11-58 F but who has no contractual relationship, express or implied, with such contractor, may bring an action on the contractor's payment bond only if he has given written notice to such contractor within 180 days from the day on which the claimant performed the last of the labor or furnished the last of the materials for which he claims payment, stating with substantial accuracy the amount claimed and the name of the person for whom the work was performed or to whom the material was furnished.

(Emphasis added). This statute is "remedial in character, its language broad and inclusive, and obviously it was enacted to afford protection to materialmen and subcontractors. It must be liberally construed in their favor." Thomas Somerville Co. v. Broyhill, 200 Va. 358, 362, 105 S.E.2d 824, 828 (1958) (discussing predecessor of Code § 11-60); see Solite Masonry v. Piland Construction, 217 Va. 727, 730, 232 S.E.2d 759, 761 (1977).
The bond requirements prescribed in Code § 11-60 were created to provide protection for materialmen and subcontractors who furnish supplies or work for a principal who has contracted with a public agency for the construction and improvements of public buildings. This protection is afforded such materialmen and subcontractors because they are unable to perfect mechanic's liens against public property. Broyhill, 200 Va. at 362, 105 S.E.2d at 828.
It is true, as ACM asserts, that we have held that "[p]arties to a contract properly may agree that a claim under the contract must be enforced within a shorter time limit than that fixed by statute if the contractual provision is not against public policy and if the agreed time is not unreasonably short." Board of Supervisors v. Sampson, 235 Va. 516, 520, 369 S.E.2d 178, 180 (1988); see also Southwood Builders, Inc. v. Peerless Insurance, 235 Va. 164, 172, 366 S.E.2d 104, 108-09 (1988). This principle, however, does not apply in the present case. Commercial was not a party to the payment bonds which were executed between ACM and Seaboard. Thus, neither ACM nor Seaboard could reduce the protection afforded Commercial without its consent.
ACM also asserts that Commercial should be deemed to have consented to the terms of the bonds even though it did not participate in their negotiation because Code § 11-58(D) requires that the payment bonds be filed with the school board or a designated official and, therefore, Commercial had constructive notice of the terms of the bonds, including the time limitation for submission of a claim.[2] We reject this assertion because it would allow general contractors and sureties to circumvent or avoid statutory protections which the General Assembly created to protect materialmen and subcontractors who are unable to file mechanic's liens against public property.
Accordingly, the judgments of the trial court will be reversed and these cases will be remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Dominion Constructors Inc., is a trade name used by ACM and, therefore, it will be referred to as ACM.
[2] Code § 11-58(D) states: "Each of the [performance and payment] bonds [required under this section] shall be filed with the public body which awarded the contract, or a designated office or official thereof."