Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Whiting, Senior Justice

WILLIAM F. SMITH, et al.

OPINION BY
v.   Record No 950649        SENIOR JUSTICE HENRY H. WHITING
                                     January 12, 1996
AVCO MORTGAGE AND ACCEPTANCE, INC.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
William F. Rutherford, Judge

In this appeal, we deal with issues arising out of a creditor's refusal of the borrowers' tender of an uncertified check in their attempted exercise of a right contained in the following contractual provision:

The Borrowers shall have the right to pay off the loan, in full, prior to the maturity date, so long as they are current on their monthly payment obligations, by payment of the sum of SIXTY THOUSAND AND NO/100 DOLLARS ($60,000.00) on or before March 15, 1993.

Since this issue was decided on the creditor's demurrers, we will consider as true the borrowers' well-pleaded material facts and all reasonable inferences fairly and justly drawn from the facts alleged. Commercial Constr. Specialties, Inc. v. ACM Constr. Management Corp., 242 Va. 102, 103, 405 S.E.2d 852, 853 (1991).

In 1988, William F. Smith and Janis K. Smith executed an installment payment note, secured by a deed of trust on the Smiths' real properties in Norfolk. Later, the Smiths entered into a loan modification agreement containing the foregoing provision with Avco Mortgage and Acceptance, Inc. (Avco), then the holder of the Smiths' note.

The Smiths decided to prepay the note on March 15, 1993, after their bank had closed for the day. William T. Webb, Avco's

agent, advised Scott Morgan, the Smiths' banker, that the Smiths would have to pay $60,000 that day to obtain the benefit of this provision. Therefore, the Smiths tendered their uncertified check in that amount to Webb at 6:00 p.m. that day. Although Morgan had assured Webb that the check would be honored immediately upon its presentation when the bank opened the following morning, Webb refused to accept the Smiths' tender because it was not made with "certified funds or bank draft" tendered by March 15.

Thereafter, the Smiths filed two actions against Avco. The first action was an application under the provisions of Code § 55-66.5 for the release of the Smiths' deed of trust and their reasonable attorney's fees incurred in that proceeding.[1] The second was a motion for judgment for damages arising from Avco's refusal to accept their check. In similar demurrers filed to the Smiths' application and motion for judgment, Avco asserted that:

> [T]he Plaintiffs are not entitled to the relief
> requested or any damages as on the face of the [Smiths'
> pleadings] it is apparent that the Plaintiffs did not

---

[1]Code § 55-66.5(C) provides:

> Upon a finding by the court that the holder of a
> mortgage or deed of trust which has been fully paid or
> discharged has unjustifiably and without good cause
> failed or refused to release such mortgage or deed of
> trust, the court, in its discretion, may order that
> costs and reasonable attorneys fees be paid to the
> petitioning party. This subsection shall not preclude
> a separate suit by the petitioning party for actual
> damages sustained by reason of such failure or refusal
> to release the encumbrance.

comply with the Modification of Deed of Trust by paying $60,000 as required.

Following argument and the receipt of memoranda from counsel for the parties, the court sustained the demurrers and entered final judgments for Avco. The Smiths appeal.[2]

The Smiths contend that since the prepayment provision does not require payment by certified funds or bank draft, they had the right to make the prepayment by their uncertified check. Avco responds that since the Smiths' pleadings admit that Avco could not present their check for payment until after March 15, the Smiths could not make timely payment according to the foregoing provision. We agree with the Smiths.

In the absence of an agreement specifying the medium of payment, as in this case, uncertified checks are commonly used in the ordinary course of business to pay money obligations. See Staff Builders of Philadelphia, Inc. v. Koschitzki, 989 F.2d 692, 694 (3rd Cir. 1993); 6A Ronald A. Anderson, Uniform Commercial Code § 3-802.5 (3rd ed. 1993 rev.). Thus, we conclude that the Smiths made a timely tender of their payment obligation under the loan modification agreement. We further conclude that Avco's agent could not demand payment to be made by certified funds or

[2]Although no orders have been entered consolidating these actions either in the trial court or on appeal, the litigants and the trial court have treated them as consolidated for purposes of appeal, and we will do so as well.

bank draft when the loan modification agreement did not so specify.[3]

Hence, we hold that the circuit court erred in sustaining Avco's demurrers.  Accordingly, we will reverse the judgment of the circuit court and remand these actions for further proceedings consistent with this opinion.

Reversed and remanded.

---

[3]Avco did not demand payment in legal tender.  See 31 U.S.C. § 5103 (defining legal tender).  Hence, we do not consider the implications of such a demand.  See Vick v. Howard, 136 Va. 101, 116 S.E. 465 (1923); Restatement (Second) of Contracts § 239 (1979).