**CIRCUIT COURT OF THE CITY OF RICHMOND**

Christopher Russell

v.

Lyons Capital, Inc., et al.

February 23, 1996

Case No. LA-1010

BY JUDGE MELVIN R. HUGHES, JR.

The parties appeared by counsel on February 7, 1996, to argue defendants' Demurrer and Motion Craving Oyer. The court granted the Oyer motion without objection. Granting the motion permitted the production of the parties' written contract and four letters to be incorporated into plaintiff's Motion for Judgment. After argument, the court took the demurrer under advisement. A brief summary of the allegations in the Motion for Judgment follows.

Plaintiff, Christopher Russell, is in the business of brokering financial services and financial services consulting. The named defendants, Lyons Capital, Inc., Otto von Bressendorf, and Elena Bisheff (collectively Lyons) are involved in the business of providing investment banking services. Lyons is a closely held corporation and von Bressendorf and Bisheff are the corporation's President and Vice President, respectively.

In September, 1994, Russell entered into a written contract called a Contractor's Commission Agreement For Private Placement Services (hereinafter the agreement) whereby Russell agreed to solicit clients in need of investment banking services for Lyons on commission. The agreement, now part of the pleadings, provides that the parties' relations are terminable by either party upon thirty days written notice. Before the parties entered into the agreement Russell had responded to an advertisement sponsored by Lyons soliciting business development representatives. During the parties' discussions later and before they signed the agreement, defendants made a number of misrepresentations concerning Lyons' capacity as an investment bank, expertise in the field, years of experience,

financial capacity, worldwide connections, projects for development funds, success rate in procuring funding, funding time after application, registration with the Securities and Exchange Commission, staff and support services and other services.

Also, according to the Motion for Judgment, Lyons promised, "without the intent to perform said promise," that accepted clients would be provided with all necessary and usual information normally provided by investment banks including corporate financial statements and referrals.

After execution of the agreement, Russell incurred expenses in his business related to increased staff and travel expenses. He referred several clients to Lyons. The various projects among these were worth approximately $60,000,000. Lyons issued letters of intent to the clients but did not also provide promised financial background information needed to finance the various projects and later revoked the letters of intent depriving Russell of an anticipated $822,000 in commissions. Russell seeks this sum as compensatory damages and, in addition, he seeks the recovery of $500,000 in punitive damages.

Upon a demurrer all allegations and the reasonable inferences therefrom are taken as true. *Commercial Construction v. ACM Construction*, 242 Va. 103, 103, 405 S.E.2d 852 (1991) citing *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). However, the court is not required to accept any conclusions of law. *Id.* Under these principles the Motion for Judgment fails to support the claims made. As stated above, Russell claims that Lyons fraudulently induced him into making a contract by misrepresenting material facts to him. Under these circumstances fraud requires the intentional misrepresentation of material facts or the concealment of facts which if known would prevent the creation of a contract. *Van Deusen v. Snead*, 247 Va. 324, 327-8, 441 S.E.2d 206 (1994); *Elliott v. Shore Stop*, 238 Va. 237, 245, 384 S.E.2d 752 (1989).

Russell relies on the parties' precontract discussions to mount a case of fraud and deceit. None of these that relate to Lyons' business have any connection with the loss of commissions. In addition, these involve expressions of opinion, and most importantly they are said to relate to a set of unfulfilled promises tied to the parties' business arrangement founded on contract. A plaintiff cannot rely on future events to comprise a viable claim for fraud and deceit. Rather, to constitute fraud a defendant must misrepresent present or past facts and conditions, that are material that mislead causing damage. *Id.* For these reasons, Russell has not stated a cognizable claim for fraud and deceit.

As to the contract claim, on the matter of expenses claimed, the agreement specifies that Russell is solely responsible for his own expenses. The same is true with the other areas of contract breach Russell claims. There is no provision in the agreement requiring Lyons to provide potential clients with the "needed information" Russell claims. This is also true with respect to all the other breaches claimed under the parties' agreement. In addition, none of these involve a breach of any term of the parties' agreement because Russell has not pleaded that they do.

Lastly, Russell has sued the president and vice president of Lyons. There is no basis in the pleadings to make these persons individually liable under contract. There is insufficient information provided in the Motion for Judgment to impose any liability on the corporation other than on the contract through the dealings of the president and vice president in their capacities as officers of the corporation.

For the foregoing reasons, Lyons' demurrer is sustained. Plaintiff shall have ten days from the entry of an order that Lyons will submit, to file any amended motion for judgment. Defendants shall have ten days after receipt to file any responsive pleading.