## CIRCUIT COURT OF BEDFORD COUNTY

Mary Scott Dudley

v.

Robbinsville Contracting Co., Inc.,
and Reliance Insurance Co.

October 7, 1998

Case No. CL98009368-00

BY JUDGE JAMES W. UPDIKE, JR.

This case is an action on a payment bond pursuant to § 11-60 of the Code of Virginia. Robbinsville Contracting Company, Inc. (Robbinsville) is the general contractor for the Bedford County Landfill project, and in accordance with § 11-58 of the Code of Virginia, Robbinsville provided Bedford County with a payment bond with Reliance Insurance Company as surety.

Robbinsville entered into a subcontract with Harvey's Grading, Inc. (Harvey's) by which Harvey's agreed to furnish and install borrow material for the landfill project. Harvey's contracted with plaintiff to excavate borrow material for the project from her property. Plaintiff was not a party to the payment bond, and she has not been paid for the borrow material taken from her property.

During a hearing on October 2, 1998, plaintiff requested partial summary judgment against both defendants. The sole issue to be determined before trial is the issue of whether plaintiff's claim is governed by the 90-day notice requirement of the payment bond or the 180-day notice requirement of § 11-60 of the Code of Virginia. The parties agree that the notice requirement of § 11-60 was met, but the defendants argue that the 90-day notice requirement of the payment bond is controlling. If the notice requirement of § 11-60 is held to be controlling, the defendants admit liability in the amount of $24,842.00.

I have reviewed the arguments and cases submitted by counsel. I find the case of *Commercial Const. Specialties, Inc. v. ACM Const. Mgt. Corp.*, 242 Va. 102, 405 S.E.2d 852 (1991), to be directly on point, and my research since the hearing has not revealed any case that alters the holdings of *Commercial*.

In accordance with *Commercial*, I rule that plaintiff's claim for damages is controlled by the 180-day notice requirement of § 11-60 of the Code of Virginia, rather than the 90-day notice requirement of the payment bond, to which plaintiff was not a party. I therefore grant plaintiff partial summary judgment against both defendants, jointly and severally, in the amount of $24,842.00.

I emphasize that I am not at this time ruling on any of the remaining issues of this case, including the issues relating to the permeability of the borrow material, the amount of borrow material taken from plaintiff's property, and restoration of plaintiff's property.