# CIRCUIT COURT OF THE CITY OF NORFOLK

Southside Utilities, Inc.

v.

Abante Corporation
and Seaboard Surety Co.

December 21, 2000

Case No. (Law) L99-2869

BY JUDGE MARC JACOBSON

In December 1996, Defendant Abante Corporation entered into a contract with the Commonwealth of Virginia to perform certain work at Norfolk State University in the City of Norfolk, Virginia (Project). Pursuant to Va. Code § 11-58, Abante was required to post a payment bond (Bond) in order to protect materialmen in the event of default on the Project. In December 1996, Abante did post the required Bond and on or about December 27, 1996, Abante entered into a subcontract with Plaintiff Southside Utilities, Inc., for certain work on the Project. Abante terminated its subcontract with Plaintiff in July 1997, and Plaintiff filed suit against Abante and Seaboard Surety Company, the maker and provider of the Bond, on or about May 15, 1998, in the Circuit Court of the City of Norfolk, alleging that Abante failed to pay for work performed. By Order entered by the Circuit Court of the City of Norfolk on December 9, 1999, Plaintiff suffered a voluntary nonsuit. Plaintiff filed the instant action on December 6, 1999, approximately two and one half years after last performing work on the Project.

On September 14, 2000, Abante and Seaboard (sometimes jointly referred to as Defendants) filed a Motion to Dismiss Motion for Judgment of Southside Utilities, Inc. (Motion to Dismiss), alleging as follows:

1. The payment bond (the "Bond") upon which the Plaintiff bases its suit contains a provision that "[n]o suit or action shall be commenced hereunder by any claimant . . . [u]nless brought within one year after the day on which the person bringing such action last performed labor or last furnished or supplied materials."

2. As a claimant (defined in the Bond as one having a direct contract with Abante) under the Bond, Southside is subject to this contractual one-year limitations period.

3. Southside initially filed suit against the defendants on May 15, 1998, in the Circuit Court for the City of Norfolk (the "Initial Action").

4. The last work performed on or materials supplied to the project at Norfolk State University (the "Project") by Southside occurred prior to the filing of the Initial Action.

5. Southside requested and was granted a nonsuit of the Initial Action on December 9, 1999.

6. Southside filed the action presently before the Court on December 6, 1999, more than one year after the last labor was performed on or materials were supplied to the Project.

7. The filing by Southside of the Initial Action within the one-year limitations period did not toll the contractual limitations period. *Massie v. Blue Cross and Blue Shield of Virginia*, 256 Va. 161 (1998).

The issue before this Court is whether the filing of the initial Motion for Judgment by Plaintiff on May 15, 1998, in the Circuit Court of the City of Norfolk tolled the statute of limitations relative to Va. Code § 11-58 as to Paragraph 11 set forth in the Payment Bond[1] and, whether the provisions of Va. Code § 8.01-229(E)(3)[2] permit or allow Plaintiff six months from

---

[1] No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3 or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

[2] If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the

December 9, 1999, the date of entry of the aforementioned Nonsuit Order to recommence its action.

Defendants contend that there was a contractual period of limitation contained in the surety bond between Abante and Seaboard (See Paragraph 11 of Va. Code § 11-58) and that Va. Code § 8.01-229(E)(3) does not operate to toll that contractual limitation. See Defendant's Memorandum in Support of Motion to Dismiss (Defendant's Memorandum) at 7. Because Plaintiff is suing to recover under the Payment Bond, Defendants contend that Plaintiff's action is subject to the contractual limitation set forth in the Payment Bond because Plaintiff is a third party beneficiary thereof. See id.

In support of this position, Defendant relies heavily upon *Massie v. Blue Cross and Blue Shield of Virginia*, 256 Va. 161, 500 S.E.2d 509 (1998), for the proposition that parties are free to contract around statutory periods of limitation. In *Massie*, the Court concluded that a "contractual" period of limitations was not subject to the tolling statute found in Va. Code § 8.01-229(E)(3). See id. at 165, 500 S.E.2d at 511. Using the plain language of the Code, the Court found that the tolling provision referred only to "statutes" of limitations, as opposed to "contractual" limitations. See id.

However, in the context of Va. Code § 11-60 the contractual period of limitation does not apply to the instant case and Plaintiff is not bound by it. Virginia Code § 11-60(c)[3] provides a one-year statute of limitations for a claim against a surety bond in the context of construction on public property. The Virginia Supreme Court has ruled that statutes of limitations in actions on public construction bonds are prohibitory and cannot be abrogated or changed by contract. In *Joseph F. Hughes & Co. v. George H. Robinson Corp.*, 211 Va. 4, 175 S.E.2d 413 (1970), the bond in question provided a different period of limitations than did the applicable statute.[4] See id. The Court held that the

---

nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B1 (pertaining to the death of a party), whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommended in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

[3] Any action on a payment bond must be brought within one year after the day on which the person bringing such action last performed labor or last furnished or supplied materials.

[4] In *Hughes*, the contractual period was measured by the final date that the principal worked on the property, instead of the date that the project was substantially completed, as under the statute. See *Hughes* at 6.

contractual provision did not apply, because the language of the applicable code section, Va. Code § 11-23 (a precursor to Va. Code § 11-60), indicated that the provision was intended to be "prohibitory of any other limitation." *See id.* at 6. The Court specifically held that "the statutory language controls the time for bringing an action on the bond." *See id.* Because of this mandate, and because "the bond contained a provision amending its own limitation to conform to the statutory minimum if its own limitation is prohibited," the Court reasoned that the statutory limitation was incorporated into the bond itself. *See id.* Therefore, the statutory provision controlled, and the contractual provision was stricken. *See id.*

The case at bar is similar to the facts of *Hughes*. In *Hughes*, the Court noted that Va. Code § 11-23 stated "no action on any bond required herein shall be brought unless within one year. . . ." *See id.* at 6. The current Va. Code § 11-60 provides that "Any action on a payment bond must be brought within one year. . . ." *See* Va. Code § 11-60. In *Hughes*, the Court noted that the language "no action . . . shall" indicated a prohibition, *see Hughes* at 6. The language in the current statute "Any action . . . must," *see* Va. Code § 11-60, has not changed enough to warrant a different analysis from that used in *Hughes*. The bond in question here also contained an amendatory provision providing that "if any limitation embodied in this bond is prohibited by law controlling the construction hereof, the limitation embodied within this bond shall be deemed to be amended so as to be equal to the minimum period permitted by such law." *See* Defendant's Brief at 5. This is the same amendatory provision as in *Hughes*, wherein the court substituted the statutory provision for the contractual one within the bond. *See Hughes* at 6. Because Va. Code § 11-60 is a mandatory statute of limitations, it must be substituted for the contractual statute of limitations found in the bond at bar, as in *Hughes*.

Since the statutory provision is controlling here, the Plaintiff receives the additional statutory benefit of the tolling statute found in Va. Code § 8.01-229(E)(3). The plain language of this tolling provision directs its application to the action at bar. It applies to "*all actions* irrespective of whether they arise under common law or statute." *See id.* (emphasis added). This action arises under a statute, and there is no indication that any subsequent statute or case law exempts the action from the requirement of § 8.01-229(E)(3).

Disregarding the statutory nonsuit provision would improperly reduce the protection afforded materialmen by the Virginia General Assembly. In *Commercial Construction Specialties, Inc. v. ACM Construction Mgt. Corp.*, 242 Va. 102, 405 S.E.2d 852 (1991), the Court examined a bond that contained a provision reducing the statutory notice period from 180 days to 90

days. The Court concluded that the provision between the surety company and the contractor could not bind a subcontractor, because the subcontractor was not a party to the bond; Therefore, the bond could not "reduce the protection afforded [the subcontractor] without its consent." *See id.* at 106. The Court also noted that the Code provisions providing for notice were specifically created to protect subcontractors and other materialmen because of their inability to perfect mechanics' liens against public property. *See id.* Because this protection was the central purpose of the applicable Code provisions, the Court emphasized the intent of the legislature in making its decision. *See id.*

The instant case can be compared to *Commercial Construction.* Had the contractual period of limitation not existed in the bond in question, the Plaintiff would have been entitled to the benefit of Va. Code § 8.01-229(E)(3), because that statute applies to "all actions." *See* Va. Code § 8.01-229(E)(3). As the Defendant now argues, under the applicable case law, contractual limitations may not be subject to the tolling statute. *See Massie,* 256 Va. 161, 500 S.E.2d 509 (1998). That outcome reduces the protection available to the Plaintiff subcontractor and would violate the rationale of *Commercial Construction.*

Cases in other areas also suggest this outcome. In *Dodson v. Potomac Mack Sales and Service, Inc.,* 241 Va. 89, 400 S.E.2d 178 (1991), the Court held that the general tolling provision did not apply to a wrongful death case. There, the Court specifically noted that the Wrongful Death Act had its own tolling provision, separate and different from the tolling provision found in 8.01-229(E)(3). *See id.* At the time of the suit in *Dodson,* the tolling provision in the Wrongful Death Act specifically dictated that the statute would only be tolled for the pendency of litigation, and if a case were dismissed without a determination being made on the merits, the plaintiff would only have the remainder of the original statute in order to refile, not the additional six month period. *See id.* The Court stated:

> Code § 8.01-228 provides in pertinent part that "every action for which a limitation period is prescribed by law must be commenced within the period prescribed in this chapter unless otherwise specifically provided in this Code." As we have said, Code § 8.01-244(B) provides for the limitation of wrongful death actions and a tolling period in a specific way, and thus "otherwise specifically provides" its own requirements.

*See id.* at 94. Additionally, the Court rested its decision on the proposition that "when one statute speaks to a subject in a general way and another deals with

a part of the same subject in a more specific manner . . . where they conflict, the latter prevails." *See id.* at 94-5, citing *Virginia National Bank v. Harris*, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979).

In the instant case, there is no provision in Va. Code § 11-60 for tolling the statute of limitations, as in *Dodson*, and there is no express prohibition from applying Va. Code § 8.01-229(E)(3). Therefore, there is no "specific provision" that would render Va. Code § 8.01-228 inapplicable and the general provisions found in that chapter apply. Because Chapter 8.01 of the Code of Virginia applies to the instant action, the tolling provision found in Va. Code § 8.01-229(E)(3) is applicable and the Motion to Dismiss of Abante and Seaboard is denied.