## CIRCUIT COURT OF THE CITY OF NORFOLK

Hanson Pipe and Products, Inc.

v.

Falcon Construction Corp. et al.

June 27, 2001

Case No. (Law) L00-1434

BY JUDGE MARC JACOBSON

Defendant Falcon Construction Corporation entered into a contract dated September 27, 1996, with the City of Norfolk to perform improvements on City property entitled "Street rehabilitation, miscellaneous concrete repairs, and miscellaneous drainage improvements." As a part of this project, Hanson Pipe & Products, Inc., furnished reinforced concrete materials to Falcon through an open account agreement. *See* Stipulations, ¶ 1-2. This contract is referred to as the "Little Creek Project."

On July 7, 1997, Falcon entered into a second contract with the City, entitled "Street rehabilitation, miscellaneous concrete repairs, and miscellaneous drainage improvements — Part B." Plaintiff supplied concrete products to this project through the same open account relationship with Falcon. *See* Stipulations, ¶ 1-2. This contract is referred to as the "Glenrock Project."

The parties in the instant action agree that Plaintiff generated invoices that particularly describe the materials provided to Falcon for each Project. *See* Stipulations, ¶ 3. Pursuant to Virginia Code requirements, as part of both the Little Creek and Glenrock Projects, Falcon secured payment bonds. The payment bond for the Little Creek project (Little Creek Bond), was provided by Defendant United States Fidelity and Guaranty Company (USF&G) in the sum of $285,841.10. The Little Creek Bond referenced the first construction

contract, reciting that the work to be done was "Street rehabilitation, miscellaneous concrete repairs, and miscellaneous drainage improvements." The payment bond for the Glenrock project (Glenrock Bond), was provided by Defendant Fidelity and Deposit Company of Maryland (F&D) in the sum of $95,496.32. The Glenrock Bond references the second construction contract, reciting that the contract was for "Street rehabilitation, miscellaneous concrete repairs, and miscellaneous drainage improvements — Part B."

The parties agree that Falcon owes Plaintiff $9,722.77 for the Glenrock Project and $4,105.05 for the Little Creek Project. *See* Stipulations, ¶ 8-10. Plaintiff sent proper notices to the City, delineating the amounts owed on each Project. *See* Stipulations, ¶ 11. In response to the notices, the City sent to Plaintiff a copy of the USF&G bond, but not a copy of the F&D bond. *See* Stipulations, ¶ 12. Subsequently, Plaintiff filed suit against USF&G to recover for the unpaid sums.

During the course of litigation, Plaintiff made certain discovery requests to Falcon and USF&G, including an interrogatory of September 26, 2000, that Defendants state any basis upon which they deny Plaintiff's claim and to identify all documents relating thereto. *See* Defendants' Brief in Support of Special Plea of Statute of Limitations (Defendants' Brief) at 3. No mention of the F&D bond was made either in response to this request or in Defendants' Answer. *See* Plaintiff's Memorandum in Support of Entry of Judgment (Plaintiff's Memorandum) at 7. In an untimely manner, on or about November 10, 2000, counsel for Defendants provided Plaintiff with a copy of the F&D bond covering the Glenrock Project. *See* Defendants' Brief at 3. After Plaintiff became aware that there were two different bonds covering the projects, Plaintiff filed on December 15, 2000, for leave to amend its Motion for Judgment to name F&D as an additional party to the suit. Leave to amend was granted, and F&D was added as a party to this lawsuit on December 27, 2000. *See* Order of December 27, 2000, the Honorable Charles D. Griffith, Jr., at 2.

The parties agree that Falcon is liable to Plaintiff for the total sum owed and that USF&G is liable under the Little Creek Project Bond for the $4105.05 amount owed on that project. *See* Stipulations, ¶ 8, 14. The remaining issues in the case involve the sum owed on the Glenrock Project, for which F&D provided the bond.

*Defendant F&D's Special Plea*
*of the Statute of Limitations*

F&D has filed a plea of the statute of limitations, alleging that Plaintiff added it to the lawsuit more than one year after Plaintiff's work was completed

on the project. Under Va. Code § 11-60, Plaintiff had one year after October 31, 1999, Plaintiff's last date of work on the Glenrock Project, in which to file an action on a payment bond. *See* Defendants' Brief at 4. Because Defendant F&D was not added to the lawsuit until December 15, 2000, Defendant F&D maintains that the statute of limitations operates to preclude its being sued by Plaintiff. *See id.*

Plaintiff argues that F&D is equitably estopped from relying on the statute of limitations to preclude Plaintiff's recovery. In support of this argument, Plaintiff cites *Federal Ins. Co. v. Starr Elec. Co.*, 242 Va. 459, 465 (1991), which holds:

> When a person under a duty to disclose facts within his knowledge makes no response to an inquiry posed by one who is entitled to know the facts, the response, for purposes of estoppel *in pais*, is a representation.

In the instant case, F&D was never asked to provide information to Plaintiff, either by formal discovery request or informally. F&D was not served process in this matter until after the applicable statute of limitations on Plaintiff's claim had expired and cannot be charged with knowledge of either the pending litigation or any duty it allegedly had to disclose to any party the existence of the applicable payment bond. Because F&D had neither knowledge of the lawsuit nor that Plaintiff had been given incorrect information by a third party, it cannot be estopped from arguing that Plaintiff filed its claim against F&D past the end of the period of limitations.

Because Plaintiff filed its claim against F&D more than one year after it ceased to provide materials to the project bonded by F&D, the statute of limitations operates to prevent F&D from being sued.

### USF&G's Contractual Liability
### Under The Glenrock Project Bond

USF&G admits that the bond it secured covers the amounts owed Plaintiff for the Little Creek Project and that it is responsible to Plaintiff for that amount. However, USF&G argues that it is not responsible for the amounts owed Plaintiff under the Glenrock Project Bond, because it did not secure the bond relating to that project. *See* Defendants' Brief at 5. USF&G asserts that the plain language of the bonds referencing the contracts shows that two distinct bonds were secured for the projects and it cannot be contractually held liable for work performed on the Glenrock Project bonded by F&D. *See id.*

Plaintiff argues that USF&G is contractually bound to pay Plaintiff the total sum owed to it for both projects because "the burden of proof is upon the Defendants to establish that the Glenrock project was covered by the [F&D] bond and not the USF&G bond." *See* Plaintiff's Memorandum at 3. Plaintiff argues that since the USF&G bond does not specifically exclude "Glenrock," and that the F&D bond does not specifically include "Glenrock," neither Defendant has proven that its bond does not cover any sum owed Plaintiff for each project. *See id.* Since the City provided Plaintiff with only the USF&G bond in response to Plaintiff's notices and because a bond is construed as broadly as the language will allow, *see Reliance Ins. Co. v. Trane Co.,* 212 Va. 394 (1971), the USF&G bond must cover both projects. Additionally, Plaintiff argues that since the USF&G bond and the F&D bond cover the same materials and "fail to denominate the type, title, or class of project," the USF&G bond covers the materials provided to the Glenrock Project. *See* Plaintiff's Memorandum at 4.

In determining whether USF&G is liable to Plaintiff under its bond, the Court must look at the plain language of the bond itself. *See Reliance Ins. Co. v. Trane Co.,* 212 Va. 394, 184 S.E.2d 817 (1971). The two bonds at issue clearly differentiate between the two projects; the Glenrock Bond secured by F&D covers "Part B" of the renovations, whereas the Little Creek Bond secured by USF&G covers a project without a "Part B." These delineations are identical to those found in the contracts themselves and show that each project was bonded for a separate sum by two separate companies. The plain language of each bond shows that the two bonds covered two projects, a "Part B" and a non-Part-B project. This readily matches the assertion that there were two contracts at issue, for two different projects and that USF&G and F&D are liable to Plaintiff only for the specific projects that each bonded.

Plaintiff also argues that the language of the bonds at issue is broad enough to encompass the materials provided by Plaintiff for both the Little Creek Project and the Glenrock Project. Since bonds may generally be construed against the bonding company, *see Thomas Somerville Co. v. Broyhill,* 200 Va. 358 (1958), any ambiguity in either bond should operate to allow Plaintiff's recovery. Plaintiff argues that the broad language of the USF&G bond may properly be construed to cover materials provided to the Glenrock Project because of how the bond may be interpreted and because a bond may provide broader coverage than that required by law. This assertion disregards the fact that the plain language of the bonds themselves expressly delineates between the two projects, using the language "Part B." There is no ambiguity that can be resolved in favor of recovery; the bonds are clear in what they cover and which contract each references. Plaintiff itself explicitly

acknowledged that two separate contracts existed at the time the work was performed; when notifying the City, Plaintiff sent two distinct documents, one for each project. The USF&G and F&D bonds reference these contracts with particularity, and no language contained therein suggests otherwise.

### *USF&G's Liability Through Equitable Estoppel*

Finally, Plaintiff argues that USF&G should be equitably estopped from denying liability under the Little Creek Bond because it failed to notify Plaintiff that the Glenrock Project notices were not covered by its bond. *See* Plaintiff's Memorandum at 4. Plaintiff asserts that its interrogatories sufficiently asked for information which, if timely provided, would have notified it that the F&D bond covered the Glenrock Project notices. *See id.* Since USF&G did not timely respond to discovery, Plaintiff was unaware of the F&D bond until the statute of limitations on that bond had expired. Consequently, Plaintiff argues that USF&G should be estopped from denying liability. *See id.*

However, the law of equitable estoppel works to stop a party from benefitting from its own negligence or misconduct. In *Contee Sand v. Reliance Ins. Co.*, 209 Va. 672 (1969), the Supreme Court of Virginia examined a case in which a materialman filed an action on a bond after the expiration of the period of limitations. There, the materialman had contacted both the general contractor and the bonding company and each informed the materialman that the bond did not cover the work in question. Upon further inquiry, the plaintiff found out that the bond did cover the work in question but did not so discover until the statute had run. The court held that the bonding company was nonetheless liable to the plaintiff, because the bonding company itself negligently misled the materialman, resulting in the delay in filing. *See id.* at 677.

In the instant case, Plaintiff argues that USF&G's failure to notify Plaintiff of the F&D bond should result in its liability under principles of equitable estoppel. However, it was not USF&G's negligence that caused Plaintiff's filing delay but that of the City when it failed to provide the F&D bond in response to Plaintiff's specific request. No such specific request was made of USF&G, and even in the instance that such information was sufficiently requested under the interrogatories, the remedy for USF&G's failure to timely file a response was a motion to compel, which Plaintiff did not pursue until it was too late.

Additionally, whatever acts performed by USF&G causing Plaintiff's filing delay did not inure to USF&G's benefit. In *Contee Sand*, the bonding

company directly negated its own liability by its negligent conduct; here, it was not USF&G that escaped liability on the Glenrock bond but F&D. Therefore, it cannot be argued that USF&G benefitted from its own negligence, but that F&D could not be sued on its separate bond. The principle of equitable estoppel dictates that "when one person . . . has induced another [to rely on a misrepresentation] . . . the former will not be allowed to assert, as against the later [sic] the existence of a different state of facts. . . ." *See id.* at 676-77. Here, USF&G is not attempting to assert the statute of limitations defense, which is the basis of the alleged misrepresentation. Instead, USF&G's conduct worked to keep another party from being sued, and, therefore, the principle of equitable estoppel cannot operate to USF&G's detriment.

The Court rules in favor of Defendants USF&G and F&D. The Court will prepare an Order entering judgment for said Defendants.