PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and Agee, JJ., and Russell, S.J.

APAC-ATLANTIC, INC.

OPINION BY
v.   Record Number 061106     JUSTICE G. STEVEN AGEE
                              April 20, 2007
GENERAL INSURANCE COMPANY
OF AMERICA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

APAC-Atlantic, Inc. ("APAC-Atlantic") appeals the judgment of the Circuit Court of Fairfax County, which granted a motion for summary judgment filed by defendant General Insurance Company of America ("General Insurance") and entered final judgment in its favor.  APAC-Atlantic contends the circuit court erred in finding APAC-Atlantic's motion for judgment was not timely because it was filed after the expiration of the limitations period found in Code § 2.2-4341(C).  For the reasons set forth below, we will affirm the judgment of the circuit court.

I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

The parties stipulated to the following facts: General Insurance is the surety on two payment bonds issued in connection with two separate general construction contracts awarded by the Virginia Department of Transportation ("VDOT") to New Construction, Inc. ("New Construction").  The payment bonds cover obligations New Construction incurs during its performance

of the VDOT contracts.  Both payment bonds state: "if [New Construction] shall promptly pay all just claims . . . then this obligation is to be void; otherwise; to be and remain in full force and virtue in law."

New Construction subcontracted some of the work on both VDOT projects to APAC-Atlantic.  APAC-Atlantic timely completed work on one project on August 28, 2003 and on the second project on October 9, 2003.  These dates are the respective "day[s] on which the person bringing such action last performed labor or last furnished or supplied materials" under Code § 2.2-4341(C). New Construction did not pay APAC-Atlantic the full amount owed for that work, and it filed for bankruptcy protection in February 2004, owing APAC-Atlantic $150,905.95 on one of the projects and $217,008.48 on the other.

On December 3, 2004, APAC-Atlantic filed a motion for judgment against General Insurance, alleging that under the payment bonds General Insurance was liable in its capacity as surety for the amounts still owed by New Construction.  General Insurance filed an answer and grounds of defense alleging, inter alia, that the "[b]onds were issued pursuant to [Code] § 2.2-4337, the Virginia Public Procurement Act ["VPPA"], and APAC[-Atlantic]'s action is barred by the statute of limitations of [Code] § 2.2-4341."  General Insurance contended that under the Code § 2.2-4341(C) limitations period, APAC-Atlantic was

2

required to have filed its motion for judgment on the respective bonds by August 28, 2004 and October 9, 2004. The parties filed cross motions for summary judgment, which were argued to the circuit court under the stipulated facts. In its final order dated March 4, 2006, the circuit court denied APAC-Atlantic's motion for summary judgment, granted General Insurance's motion, and entered judgment "in favor of General [Insurance] on all Counts in this action."

We awarded APAC-Atlantic this appeal.

## II. ANALYSIS

APAC-Atlantic contends the trial court erred by failing to find "that under the language of the payment bonds [APAC-Atlantic's motion for judgment] was timely filed." Citing Reliance Insurance Co. v. Trane Co., 212 Va. 394, 184 S.E.2d 817 (1971), APAC-Atlantic contends the plain language of the payment bonds can – and in this case does – provide a longer period of time than the statutorily prescribed period for bringing suit. Specifically, APAC-Atlantic asserts the limitations period in Code § 2.2-4341(C) does not apply in the case at bar because the plain language of the payment bonds states they are "to be and remain in full force and virtue in law" unless New Construction pays the "claims for labor and material." APAC-Atlantic contends this language extends a timely right of action on the bonds beyond the statutorily prescribed period. Furthermore,

3

APAC-Atlantic asserts Code § 2.2-4341(C) does not apply because the payment bonds do not expressly refer to that statute. We disagree.

The parties do not dispute that the underlying contracts for which the payment bonds were issued fall under the VPPA, Code § 2.2-4300 et seq. "The VPPA is a specific statute relating to the acquisition of goods and services by public bodies [and] the provisions of that Act . . . apply to disputes arising from goods or services provided under the VPPA." Mid-Atlantic Business Communications, Inc. v. Virginia Dep't of Motor Vehicles, 269 Va. 51, 56, 606 S.E.2d 835, 838 (2005). Code § 2.2-4341(C) of the VPPA states: "Any action on a payment bond shall be brought within one year after the day on which the person bringing such action last performed labor or last furnished or supplied materials." By its plain terms, this limitation period is generally applicable to "[a]ny action on a payment bond" issued under the VPPA.

The bonds at issue in Reliance Insurance Co., on which APAC-Atlantic relies, were substantially different than those at issue here. There, the parties' contract expressly permitted a subcontractor to sue the principal even though the applicable statute only permitted such an action when certain conditions were met and did not expressly include an action by a subcontractor. Reliance Insurance Co., 212 Va. at 395, 184

4

S.E.2d at 818. Because the parties specifically agreed to those terms and the applicable statute did not prohibit them from doing so, we held that the parties were free to include "broader coverage than that required by the provisions" of the statute. Id. In contrast, the payment bonds in the case at bar contain no provision permitting a claimant to bring suit after the expiration of the limitations period found in Code § 2.2-4341(C).

APAC-Atlantic relies on the phrase "otherwise; to be and remain in full force and virtue in law" to support its contention. However, this language does not establish a new period during which claimants can file an action, nor does it incorporate a limitations period contained in a statute other than Code § 2.2-4341(C). It simply establishes that General Insurance's obligation would only arise if New Construction did not pay a claim.

Also without merit is APAC-Atlantic's contention that the limitations period in Code § 2.2-4341(C) does not apply because the payment bonds failed to expressly incorporate this provision. For example, the statute of limitations prescribed by the Uniform Commercial Code for disputes arising from contracts for the sale of goods (Code § 8.2-725) applies to UCC contracts regardless of whether such contracts expressly incorporate that limitations period. See Code § 8.01-246.

5

Similarly, the statute of limitations for disputes arising from goods or services provided under the VPPA applies to contracts subject to the VPPA, regardless of whether they expressly incorporate Code § 2.2-4341(C).  Code § 2.2-4300(B) provides that the VPPA "shall apply whether the consideration is monetary or nonmonetary."  Because the payment bonds in the case at bar were issued in accordance with the VPPA, disputes arising under them are subject to the limitations period contained in the VPPA – Code § 2.2-4341(C) – unless the parties specifically contract for a different time limitation.[*]  See Reliance Insurance Co., 212 Va. at 395, 184 S.E.2d at 818.  The VPPA provision does not need to be incorporated by reference, but is applicable because of the nature of the dispute.

---

[*] APAC-Atlantic contends the five-year limitations period under Code § 8.01-246(2), which is applicable to written agreements, would apply instead.  Apart from the fact that the parties made no agreement to use any limitations period other than Code § 2.2-4341(C) under the VPPA, under settled principles of statutory interpretation, where two statutes are potentially applicable, "the two should be harmonized, if possible, and where they conflict," the more specific statute applies.  See Frederick County Sch. Bd. v. Hannah, 267 Va. 231, 236, 590 S.E.2d 567, 569 (2004) (quoting Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)).  The five-year general limitations period of Code § 8.01-246(2) would not apply here, because under the VPPA, Code § 2.2-4341(C) is specifically applicable to VPPA-derived actions.  "Every action for which a limitation period is prescribed by law must be commenced within the period prescribed in this chapter unless otherwise specifically provided in this Code."  Code § 8.01-228 (emphasis added).

6

## III.  CONCLUSION

Accordingly, actions on the payment bonds had to be brought under the one-year limitations period contained in Code § 2.2-4341(C).  Because APAC-Atlantic finished work on each project in August and October 2003, its motion for judgment filed in December 2004 was not timely.  The circuit court thus did not err in granting General Insurance's motion for summary judgment and entering judgment on behalf of General Insurance.  We will therefore affirm the judgment of the circuit court.

<u>Affirmed</u>.